No. 19,658.

VELMA REBER *v.* SOUTH LAKEWOOD SANITATION DISTRICT.
(362 P..[2d] 877)

Decided June 12, 1961.

Mr. HAROLD D. LUTZ, for plaintiff in error.

Mr. WILLIAM F. MCGLONE, Messrs. ROTHGERBER, APPEL AND POWERS, Mr. WILLIAM P. JOHNSON, for defendant in error.

Mr. JOSEPH P. LEWIS, Amicus Curiae.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will refer to defendant in error as the District,

and to plaintiff in error as the intervenor. Other persons and governmental agencies involved will be referred to by name.

The District is organized under C.R.S. '53, 89-5-1, et seq. Section 2 thereof declares that a sanitation district is one to provide for " * * * disposal works and facilities and all necessary or proper equipment and appurtenances incident thereto, * * *." By section 13, broad powers are conferred upon the district, among which we find the following:

"(5) To borrow money and incur indebtedness and evidence the same by certificates, notes or debentures, and to issue bonds, in accordance with the provisions of this article.

"(6) To acquire, dispose of and encumber real and personal property, water, water rights, water and sewer works and plants, and any interest therein, including leases and easements.

\* \* \*

"(8) To have the management, control and supervision of all the business and affairs of the district, and the construction, installation, operation and maintenance of district improvements therein.

\* \* \*

"(10) To have and exercise the power of eminent domain and dominant eminent domain and in the manner provided by law for the condemnation of private property for public use to take any property necessary to the exercise of the powers granted, both within and without the district."

The District, pursuant to the statute, determined that a sewage disposal plant should be built and selected a particular location for the erection thereof. The proposed site was located in an area of Jefferson county zoned as "Residential — 2."

Realizing that opposition to the construction of the disposal plant would be encountered, and in an effort to expedite determination of the legal questions in-

volved, the District commenced an action in the district court for a declaratory judgment. The prayer of the complaint was for a decree that the Board of Directors had the right to determine the type and location of the sewage disposal plant to serve the purposes of the District; the public necessities involved in the construction of sewage disposal facilities; and that the District was entitled to proceed with the erection of the disposal plant at the location selected, as agreed upon by its Board of Directors even though the county commissioners, the Planning Commission and the Board of Adjustment of Jefferson county had disapproved the project.

Named as defendants in the action were the Board of County Commissioners of Jefferson county, the Planning Commission of the County of Jefferson and the individual members thereof, as well as the Board of Adjustment of and for the County of Jefferson and the individual members thereof. Plaintiff in error intervened as a taxpayer in the District and is the only person prosecuting this writ of error.

The case was submitted to the trial court upon stipulated facts. In substance the pertinent facts agreed upon were: That the District was duly organized as provided by statute; that the County Commissioners had appointed a County Planning Commission as provided by C.R.S. '53, 106-2; that the directors of the District had determined that it was necessary to build the disposal plant and the findings and conclusions of the Board in this connection were supported by substantial evidence; that the voters at the election called by the District authorized the proposed disposal plant and approved a bond issue for financing the same; that the site selected as the economic and feasible location for the building was chosen after presentation of substantial evidence supporting that decision; that the zoning ordinances and the planning provisions adopted by Jefferson county applicable to the area do not specifically provide for the location of a sewage disposal plant, but the zoning pro-

vision empowers the Board of Adjustment to permit public utility or public service uses in any district when found to be necessary for the public health, safety, etc.; that pursuant to C.R.S. '53, 106-2-9 (1) (c) (as amended by chapter 193, Session Laws of 1959), the Planning Commission conducted a hearing and at the conclusion thereof made findings that the site selected by the District was poor planning and would result in "inefficient economical service"; that the building of the plant in an R-2 zone would adversely affect property values, and for these and other stated reasons the Planning Commission denied the request of the District for approval of the project; that the County of Jefferson had adopted a "master plan" for the development of that portion of the county in which the District was located; that the District has not appeared before the Board of County Commissioners with relation to the project, but did appear before the Board of Adjustment to question the jurisdiction of said board in conducting a public hearing with relation to the legality of the proposed plant in an R-2 district; that the Board of Adjustment disapproved the location of the plant; that following all the foregoing the District fully reviewed the findings, rulings and orders of the Jefferson County Planning Commission, again heard evidence on the necessities involved and the propriety of the location of the plant, and, pursuant to substantial evidence supporting its action, overruled the Planning Commission and is ready to proceed with the necessary work.

The trial court entered judgment as prayed for in the complaint and the intervenor, only, seeks review by writ of error.

On behalf of intervenor it is argued:

(1) That the request of the District to the Planning Commission for approval of the construction of the plant having been denied, it was then necessary for the District to go before the Board of County Commissioners to secure a reversal of the denial of approval by the Plan-

ning Commission. C.R.S. '53, 106-2-9, is cited as supporting this argument.

(2) That if the County Commissioners see fit to overrule the Planning Commission then the District must secure permission of the Board of Adjustment to erect the disposal plant under controlling zoning regulations applicable to the area, and that if this permission be not obtained another location must be selected in conformity with zoning regulations.

On behalf of the District it is argued that:

I. Pursuant to C.R.S. '53, 106-2-9 (1) (c), as amended, the District, by proper action of its board of directors, had the power to overrule county planning commission disapproval of proposed sewage disposal plant location and construction. This is true because:

A. The operation of the South Lakewood Sanitation District, including the building of appropriate facilities, is neither authorized nor financed by the Jefferson County Board of County Commissioners; but rather the District is authorized and financed pursuant to state statutes.

B. The Board of Directors of the District properly overruled disapproval by the County Planning Commission inasmuch as the overruling was made pursuant to substantial evidence and as authorized by statute.

II. C.R.S. '53, 106-2-9 (1) (d), as amended, provides for proper overruling of County Planning Commission disapproval in the instance of change of use, acquisition of land or the building of a structure for a public use.

In resolving these contentions we have carefully considered the acts of the legislature which authorize the creation of sanitation districts (C.R.S. '53, 89-5) and county planning commissions (C.R.S. '53, 106-2-9, as amended in 1959). The latter section relates the authority of the County Planning Commission, first to the powers of the County Commissioners, and then, in subsections (c) and (d), to the powers and purposes of governmental entities such as sanitation districts.

106-2-9 (1) (a), as amended, provides that where a master plan has been adopted by the County Planning Commission, proposed public construction shall be submitted to the County Planning Commission.

106-2-9 (1) (b) provides that in the event the County Planning Commission disapproves proposed public construction over which the Board of County Commissioners has authority, the Board of County Commissioners may overrule such disapproval.

106-2-9 (1) (c) provides that where the County Planning Commission disapproves of proposed public construction which is neither authorized nor financed by the Board of County Commissioners or other county officials or boards, the body which has jurisdiction over the proposed construction may overrule the County Planning Commission. This provision controls the instant controversy.

The pertinent question is whether under the law governing sanitation districts the South Lakewood Sanitation District is authorized or financed by the Board of County Commissioners.

■ The relationship which the General Assembly established by C.R.S. '53, 106-2-9, as amended by Chapter 193 of the Session Laws of 1959, is a relationship which has been found to exist by courts even without such definite statutory direction as found in the statute. In the absence of such statute, courts of last resort have recognized that districts, authorities and other state authorized governmental subdivisions have the power to overrule or disregard the restrictions of county or municipal zoning regulations. *State v. Kopp* (Mo. 1960), 330 S.W. (2d) 882; *State v. Ferriss* (Mo. 1957), 304 S.W. (2d) 896; *Aviation Services v. Board of Adjustment* (1956), 20 N.J. 275, 119 A. (2d) 761; *Town of Bloomfield v. New Jersey Highway Authority* (1955), 18 N.J. 237, 113 A. (2d) 658; *State ex rel. Turnpike Commission v. Allen* (1952), 158 Ohio State 168, 107 N.E. (2d) 345 (certiorari denied *Balduff v. Ohio Turnpike Commission,*

344 U.S. 865, 73 S. Ct. 107, 97 L. Ed. 671); *Duquesne Light Co. v. Upper St. Clair Township* (1954), 377 Pa. 323, 105 A. (2d) 287; *Decatur Park District v. Becker* (1938), 368 Ill. 442, 14 N.E. (2d) 490; *In Re Petition, City of Detroit* (1944), 308 Mich. 480, 14 N.W. (2d) 140; *Puhr v. Kansas City* (1935), 142 Kan. 704, 51 P. (2d) 911.

The judgment is affirmed.

MR. JUSTICE DOYLE not participating.