516 P.2d 452 (1973)
BLUE RIVER DEFENSE COMMITTEE et al., Plaintiffs-Appellants,
v.
TOWN OF SILVERTHORNE et al., Defendants-Appellees.
No. 73-003.
Colorado Court of Appeals, Div. II.
August 21, 1973.
Rehearing Denied October 24, 1973.
Certiorari Denied December 17, 1973.
Beck, Fanganello & Croak, Thomas E. Croak, Dillon, for plaintiffs-appellants.
Cosgriff, Dunn, French & Seavy, Peter Cosgriff, Leadville, Calkins, Kramer, Grimshaw & Harring, Daniel C. Hale, Denver, for all defendants-appellees except defendant-appellee, Lee Woolsey.
Selected for Official Publication.
SMITH, Judge.
This case presents the issue of whether a town must comply with county zoning procedures *453 enunciated in C.R.S.1963, 106-2-9(1), when the town exercises its power of eminent domain for construction of sewage facilities beyond its corporate limits pursuant to C.R.S.1963, 50-6-22.
The towns of Silverthorne and Dillon acted jointly in proposing and commencing construction of a sewage plant outside their corporate limits in Summit County. The site of the proposed plant was zoned by the county for agricultural use. Plaintiffs-appellants, county residents and landowners of property adjacent to the proposed sewage plant, commenced this action pursuant to C.R.S.1963, 106-2-23, seeking to enjoin the proposed construction. The plaintiffs urge that erection of the proposed sewage plant violates the county master plan and that defendants failed to comply with the procedures required by C. R.S.1963, 106-2-9. The district court granted defendants' motion for summary judgment and dismissed the action. We reverse.
C.R.S.1963, 106-2-9(1)(c), provides that where the "public way, grounds, space, building, structure, or utility be one the authorization or financing of which does not... fall within the province of the board of county commissioners or other county officials or board," as is the case here, then the "submission to the commission shall be by the body or official having such jurisdiction," (here the towns of Silverthorne and Dillon), and the disapproval of the planning commission "may be overruled by said body [town]." The defendants argue that the towns are not subject to the procedural requirements of C.R.S. 1963, 106-2-9, nor are they bound by the substantive provisions of the county master plan. They urge that even if submission to the planning commission is required, approval by the county was received, as evidenced by exhibit # 1 which was introduced at the hearing on the motion for summary judgment. Exhibit # 1 is an application to the Colorado Water Pollution Control Commission for approval of the location for sewage treatment facilities. One page of this document contains a signature of approval on behalf of the planning commission. This document does not constitute the submission to the county planning commission contemplated by C.R. S.1963, 106-2-9. The trial court properly deemed the exhibit immaterial to its determination.
The two Colorado cases upon which defendants-appellees rely for the proposition that a town need not comply with the procedural requirements of C.R.S.1963, 106-2-9, are inapposite. In City and County of Denver v. Board of Commissioners, 113 Colo. 150, 156 P.2d 101, Arapahoe County sought to enjoin condemnation proceedings brought by Denver for the purpose of acquiring land in Arapahoe County for the construction of an airport facility. The Arapahoe County Board of Commissioners commenced the action prior to submission of Denver's plan to the Arapahoe County Planning Commission, and, in fact, prior to the conclusion of the condemnation proceedings. The Supreme Court ruled that the City and County of Denver, and not the Arapahoe County Board of Commissioners, had final authority to determine the wisdom of locating the airport on the proposed site in Arapahoe County. The court's ruling in that case is clearly limited to a situation where a board of county commissioners seeks to enjoin condemnation proceedings prior to submission for site approval to the planning commission. The court assumed that at some point the city would be required to submit its plan to the planning commission, stating:
"[i]f the financing and construction of the project does not fall within the province of the Board of County Commissioners, or other county board or official, but within the province of some other public body or official, and in the instant case it falls within the province of the City of Denver to finance and construct the airport, then such other body or official, in this case the City of Denver, shall report the plan to the planning commission, and if it disapproves and returns its disapproval with the reasons *454 therefor to the body (city), that the body (city) by a majority vote may overrule and nullify the Planning Commission's disapproval and proceed with the project." Denver v. Board, supra.

In Reber v. South Lakewood Sanitation District, 147 Colo. 70, 362 P.2d 877, a case factually similar to the one at bar, the South Lakewood Sanitation District sought to construct a sewage plant in an unincorporated portion of Jefferson County. The issue was whether, upon disapproval of the proposed construction by the Jefferson County Planning Commission, the Sanitation District was required to submit the plan to the Board of County Commissioners for its approval. The court held that because neither the authorization for, nor the financing of, the sewage facility was within the province of the board of county commissioners, the sanitation district was the proper body to overrule the planning commission's determination as declared by the statute. That ruling does not resolve the issue before us.
It is a generally accepted rule of statutory construction that, "in ascertaining the intent of a legislative body, and the meaning of its enactments, [courts are required] to give effect to every word, phrase, clause, sentence, and section, if it can be done, and we are not to presume that the legislative body used the language idly and with no intent that meaning should be given to its language." City and County of Denver v. Taylor, 88 Colo. 89, 292 P. 594; see McMillin v. Colorado, 158 Colo. 183, 405 P.2d 672. To give effect to all the language in C.R.S.1963, 106-2-9, it is incumbent upon the entity having jurisdiction over the project to submit the proposal to the planning commission, even though such entity has authority to later override the planning commission's disapproval.
The gravamen of plaintiffs' theory is that, as landowners directly and immediately affected by the construction of the proposed sewage plant, they have been afforded no opportunity to present their objections before any forum. Clearly, one of the purposes for the language of C.R.S. 1963, 106-2-9(1) (c) is to provide a method by which the county through its planning commission can inform and advise other governmental units of the effects of their proposed actions upon the county and its residents. Even though the outside entity may affirmatively overrule the county's decision, the residents of the county are entitled to an opportunity to present their objections and views and to have these considered as part of the planning commission's approval or disapproval and to require that if construction is to proceed, the constructing entity must determine to proceed in the face of the county's objection. We are not prepared to say, ipso facto, that the towns' decision on the matter would be unaffected by the action of the Summit County Planning Commission.
To require no submission whatever to the County Planning Commission would defeat the clear legislative intent evidenced by the statute.
The summary judgment of dismissal of plaintiffs' claims that defendants failed to follow C.R.S.1963, 106-2-9, and for violation of the county master plan is reversed and the cause is remanded with directions that these claims be reinstated and for further proceedings not inconsistent herewith.
Judgment reversed and remanded with directions.
ENOCH and PIERCE, JJ., concur.