Marvin D. Eller Liquor Control Chief Department of Revenue State Capitol Annex 1375 Sherman Street Denver, CO 80261
Dear Mr. Eller:
This opinion letter is in response to your July 10, 1981 letter in which you inquired about the propriety of a liquor licensing authority approving multiple applications for liquor licenses on premises currently licensed on land owned by the State of Colorado.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the following question:
Whether pursuant to C.R.S. 1973, 12-47-138(1)(d)(I), (1978 Repl. vol. 5) a liquor licensing authority may approve applications for additional hotel/restaurant liquor licenses on premises which are presently licensed for a hotel/restaurant liquor license, where such licensed premises are on land owned by the State of Colorado and where such premises are within 500 feet of the principal campus of a college or university.
 My conclusion is "yes." It is my opinion that C.R.S. 1973, 12-47-138(1)(d)(I) does not prohibit the state or local licensing authorities from approving applications for additional hotel/restaurant liquor licenses on premises presently licensed for a hotel/restaurant liquor license, where the premises is located within 500 feet of the principal campus of a college or university and is on land owned by the state.
ANALYSIS
C.R.S. 1973, 12-47-138(1)(d)(I) (1978 Repl. vol. 5) provides that no application for a liquor license shall be received or acted upon if the building in which liquor is to be sold is located within 500 feet of the principal campus of a college or university. However, by amendments to that action contained in House bill 1367, enacted June 4, 1977, (1977 Colo. Sess. Laws 727), certain exceptions to the 500-foot prohibition were created. Among these is the provision that the 500-foot prohibition shall not apply to "an existing licensed premises on land owned by the state." The interpretation of that phrase is determinative of whether multiple licensing of one presently licensed premises is permissible. To understand the parameters of this exception, examination of the legislative history of House bill 1367 is helpful.
Senator Paul Sandoval explained the objectives of the bill on April 27, 1977, before the Senate Committee on Business Affairs. Senator Sandoval stated the main purpose of the legislation generally was to permit the City and County of Denver to lease land, on which the Denver Center for the Performing Arts was being constructed, to concessionaires who would apply for licenses to serve alcoholic beverages. Without enactment of the bill, these potential, new licensees would be prohibited from applying for liquor licenses.
However, the portion of the bill pertaining to the exception covering liquor-licensed premises on land owned by the state does not appear designed to further the main purpose of the bill. Rather, review of the history of the bill indicates that this section was not part of the original bill, and was added as third reading amendment No. 1 by Senator Sandoval on May 4, 1977, before the Colorado Senate. At that time, according to the tape of the senate session, Senator Sandoval explained the purpose of the amendment to add this language as follows:
 This had to be added because certain liquor outlets owned or land owned on (sic) the State would not have been covered by this.
This explanation seems to indicate the senator's concern with adding to the list of exceptions to the 500-foot prohibition certain liquor outlets on land owned by the state. It seems that its purpose was to preserve certain special areas, as opposed merely to liquor licensees, from the 500-foot prohibition.
Because the statute excepts "licensed premises" from the 500-foot prohibition, such premises can be redeveloped and multiple liquor licenses applied for on the premises. If an entire licensedpremises, as opposed to a mere liquor license, is immune from the 500-foot prohibition, then subdivision of the premises and consequent multiple licensing within the premises should not be prohibited by the 500-foot prohibition.
Examination of the various exceptions to the 500-foot prohibition provided in section 12-47-138(1)(d)(I) leads to a similar conclusion. Unless the reference to licensed premises on land owned by the state is interpreted literally (to refer to a special area designated as "licensed premises," which area is exempt from the 500-foot prohibition) there seems little reason for the inclusion of this language in the bill. Other language in the statute and in House bill No. 1367 appears adequate to insure that liquor licenses in force at the time of passage of the bill, or at the time a college campus is constructed within 500 feet of such licensed areas, can be renewed or reissued without question. It thus appears that the language in the statute concerning "licensed premises" on land owned by the state was meant to create an exception to the 500-foot prohibition which is distinct from any other exception.
One additional question deserves consideration. House bill No. 1367 not only amended section 12-47-138 but also amended C.R.S. 1973, 12-47-111(2) (Repl. vol. 5). The latter statute states that no license shall be issued to or held by any person who will sell liquor by the drink within 500 feet of a college or university campus. The amendments made by House bill No. 1367 to this latter statute parallel those amendments made by the bill to section 12-47-138, with one exception. The bill did not amend section 12-47-111(2) to exempt licensed premises on land owned by the state from the 500-foot prohibition. This means that with respect to such premises, a license may be applied for under section 12-47-138, but no license may be issued to or held by the applicant under section 12-47-111.
Such result cannot have been intended by the general assembly. Rather it seems clear that in amending House bill No. 1367 to add the exception in question here, the legislature must have intended that such exception to the 500-foot prohibition be fully operative. This is in accord with the recognized principle of statutory construction that an entire statute is presumed to be intended to be effective. C.R.S. 1973, 2-4-201(1)(b). And this construction of C.R.S. 1973, 12-47-138(1)(d)(I) is further in accord with the principle that statutes should be construed to give effect to every word if possible. Blue River DefenseComm. v. Town of Silverthorne, 33 Colo. App. 10, 516 P.2d 452
(1973).
Moreover, to the extent that C.R.S. 1973, 12-47-138(1)(d)(I), as amended by House bill No. 1367, and section 12-47-111(2) are irreconcilable, the exception to the 500-foot prohibition in question here must control over the earlier-enacted 500-foot prohibition contained in section 12-47-111(2). Pursuant to C.R.S. 1973, 2-4-206, the statute latest in its effective date prevails; and the amendments to sections 12-47-138(1)(d)(I) and 12-47-111(2) contained in House bill No. 1367 were clearly enacted subsequent to section 12-47-111(2) itself.
I would therefore conclude that the absence of the phrase "licensed premises on land owned by the state" in section 12-47-111(2) would not bar the issuance of multiple licenses to those applying for liquor licenses on such premises.
SUMMARY
To summarize, C.R.S. 1973, 12-47-138(1)(d)(I) (1978 Repl. vol. 5) does not prohibit applications for multiple hotel/restaurant liquor licenses on existing liquor-licensed premises which are within 500 feet of the principal campus of a college or university and are on land owned by the state. Such multiple licensing is also not prohibited by C.R.S. 1973, 12-47-111(2) (1978 Repl. vol. 5). Of course, this opinion assumes that there exists a valid "licensed premises" on land owned by the state and that the issuance of multiple liquor licenses is otherwise consistent with the provisions of the Colorado Liquor Code.
Very truly yours,
 J.D. MacFARLANE Attorney General
LICENSES, OCCUPATIONAL AND PROFESSIONAL ALCOHOLIC BEVERAGES
C.R.S. 1973, 12-47-111(2) C.R.S. 1973, 12-47-138(1)(d)(I)
REVENUE, DEPT. OF Liquor Enforcement
Neither C.R.S. 1973, 12-47-138(1)(d)(I) (1978 Repl. vol. 5) nor C.R.S. 1973, 12-47-111(2) as amended, prohibit issuance of additional hotel/restaurant liquor licenses on an existing licensed premises or land owned by the state where such premises are within 500 feet of the principal campus of a college or university.