John Lloyd BAULSIR,
Plaintiff-Appellee,

v.

STATE of Colorado, DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION; Alan N. Charnes, Executive Director of said Department; and R.W. Skeen, Motor Vehicle Administrator, Defendants-Appellants.

No. 84CA0406.

Colorado Court of Appeals,
Div. I.

Jan. 31, 1985.

No appearance for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Steven M. Bush, Asst. Atty. Gen., Denver, for defendants-appellants.

VAN CISE, Judge.

The Department of Revenue appeals from an order of the district court requiring the department to grant plaintiff, John Lloyd Baulsir, a hearing concerning revocation of his driver's license pursuant to § 42–2–122.1(7), C.R.S. (1983 Cum.Supp.). We reverse.

On July 3, 1983, plaintiff was arrested for driving under the influence of intoxicating liquor. Following his arrest, a chemical test of his blood showed an alcohol concentration of .178. Pursuant to § 42–2–122.1(4), C.R.S. (1984 Repl.Vol. 17), the arresting officer served plaintiff with a notice of driver's license revocation. The notice, among other things, advised plaintiff that, unless he requested a hearing within seven days after the date of the notice, the order of revocation contained in the notice would become effective on the eighth day. *See* § 42–2–122.1(5), C.R.S. (1984 Repl.Vol. 17). He was further advised that, pursuant to § 42–2–122.1(7)(a) and (b), C.R.S. (1984 Repl.Vol. 17), "if a hearing is requested, request must be in writing and can be made to any Colorado Department of Revenue Motor Vehicle Division and driver license office."

Plaintiff gave all the documents relative to his arrest and advisement to his attorney on July 5. However, the attorney did not request a hearing until July 26, 23 days after plaintiff had received the notice of revocation. In the meantime, on July 11, the revocation order became effective. The department, by letter dated July 27, denied plaintiff's request for a hearing on the revocation since it was made more than seven days after service of the notice of revocation and the request was not made "due to factors of physical incapacity such as hospitalization or incarceration." It stated that "[w]e do not believe that the negligence on the part of the attorney places the individual within the scope of the statutory provisions for providing a hearing beyond the 7 day limitation."

Plaintiff sought judicial review of the department's action. The district court ordered the department to grant the driver a hearing and stayed the revocation pending the hearing. The department contends that the court erred in its order. We agree.

■ Sections 42–2–122.1(3) and (4), C.R.S. (1984 Repl.Vol. 17), provide for a notice of revocation and specify what is to be contained therein. Sections 42–2–122.-1(7)(a) and (b), C.R.S. (1984 Repl.Vol. 17) provide for a revocation hearing if request therefor is made within seven days after receipt of notice, and state that the right to a hearing is waived if not requested within that time. Subsection (7)(c) states:

"If a written request for a hearing is made after expiration of the seven-day period and if it is accompanied by the applicant's verified statement explaining the failure to make a timely request for a hearing, the department shall receive and consider the request. If the department finds that the person was unable to make a timely request due to lack of actual notice of the revocation or due to factors of physical incapacity such as hospitalization or incarceration, the department shall waive the period of limitation, reopen the matter, and grant the hearing request. In such a case, a stay of the revocation pending issuance of the final order following the hearing shall not be granted."

The statute does not state that a revocation hearing may be granted on a showing of good cause for untimeliness of the request. Instead, it sets forth specific grounds that must be found to exist prior

to granting the request. It leaves no discretion in the department to grant an untimely request for reasons other than those set forth therein.

■ The department is legally bound to comply strictly with this statute, and cannot ignore or circumvent the legislative mandate. *Dodge v. Department of Social Services,* 657 P.2d 969 (Colo.App.1982). The power to administer a statute does not include the power to make law. *Big Top, Inc. v. Schooley,* 149 Colo. 116, 368 P.2d 201 (1962).

■ It is undisputed that plaintiff had actual notice of the revocation and that he was not physically incapacitated during the seven-day period so as to be unable to make a timely request. Since he did not, and could not, satisfy the statutory criteria for obtaining a hearing after expiration of the limitation period, the trial court erred in ordering the department to provide plaintiff with a hearing and in ordering a stay of the revocation. *See* § 24–4–106(7), C.R.S. (1982 Repl.Vol. 10).

Since plaintiff was given adequate advance notice and had an opportunity for an appropriate hearing before the revocation of his license became effective, he was not deprived of his constitutional right to procedural due process of law. *See Patterson v. Cronin,* 650 P.2d 531 (Colo.1982); *Denver v. Eggert,* 647 P.2d 216 (Colo.1982). *See also Bell v. Burson,* 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971).

The orders of the district court are reversed, and the cause is remanded for reinstatement of the order of revocation.

PIERCE, J., concurs.

TURSI, J., dissents.

TURSI, Judge, dissenting.

I respectfully dissent.

The issue presented to the trial court was whether the construction placed upon § 42–2–122.1(7), C.R.S. (1984 Repl.Vol. 17) by the department incorrectly construed the statute or resulted in a denial of due process. The department's position is fairly arguable; however, when balanced against the plaintiff's rights to fundamental fairness and procedural due process, the scales tip in favor of the plaintiff.

The due process clause of the Fourteenth Amendment requires that a driver be given the opportunity for a hearing before the state may terminate his driving privilege. *Bell v. Burson,* 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971). Here, the opportunity for such hearing is provided under § 42–2–122.1(7). And, to avoid an involuntary waiver of the right to such a hearing, the statute provides in § 42–2–122.1(7)(c), C.R.S. (1984 Repl.Vol. 17) as follows:

"If a written request for a hearing is made after expiration of the seven-day period and if it is accompanied by the applicant's verified statement explaining the failure to make a timely request for a hearing, the department *shall receive and consider the request.* If the department finds that the person was unable to make a timely request due to lack of actual notice of the revocation or due to factors of physical incapacity *such as* hospitalization or incarceration, the department *shall* waive the period of limitation, reopen the matter, and grant the hearing request. In such a case, a stay of the revocation pending issuance of the final order following the hearing shall not be granted." (emphasis supplied)

Plaintiff argues that § 42–2–122.1(7)(c) requires the department to consider a verified explanation of the failure to file a timely request for hearing and thus implicitly permits it to grant such hearing if good cause for the late filing is shown. The department argues that lack of notice and physical incapacity are the only two grounds entitling a driver to a hearing if requested outside the time limits specified in the notice.

As plaintiff contends, it is also fairly arguable that the first sentence of § 42–2–122.1(7)(c) requires the department to "consider" a request for a hearing out of time. In regard to such a request the department has discretion to grant or to deny the request because the statute only directs that the request be considered. The second sen-

tence of this section can also be read to require the department to allow an untimely request for hearing if the request is out of time "due to lack of actual notice of the revocation or due to factors of physical incapacity...."

Thus read, the General Assembly has provided for the department to exercise discretion in considering late requests for hearings in the first sentence, but in the second sentence has mandated that hearings be given if the statutory criteria are met.

The construction urged by the department would be tantamount to denying a driver an opportunity for a hearing when, through no fault of his own, a late application is filed, thereby depriving him of due process of law. *See Bell v. Burson, supra.* The use of motor vehicles on the public highways of this state is an adjunct of the constitutional right to acquire, possess, and use property which can not be taken away without due process of law. *Elizondo v. Motor Vehicle Division,* 194 Colo. 113, 570 P.2d 518 (1977). *See Le Manufacture Francaise Des Pneumatiques Michelin v. District Court,* 620 P.2d 1040 (Colo.1980).

To interpret the statute as does the majority gives no meaning to the first sentence of the paragraph quoted, and thus fails to consider the rule of interpretation requiring construction of a statute as a whole so as to give consistent, harmonious, and sensible effect to all its parts. *Massey v. District Court,* 180 Colo. 359, 506 P.2d 128 (1973). *See also Humana, Inc. v. Board of Adjustment,* 189 Colo. 79, 537 P.2d 741 (1975) and *Blue River Defense Comm. v. Town of Silverthorne,* 33 Colo. App. 10, 516 P.2d 452 (1973).

When conflicting constructions of a statute are proposed, it should be interpreted in such a manner as to render it constitutional. *Duprey v. Anderson,* 184 Colo. 70, 518 P.2d 807 (1974). Further, it is presumed that the entire statute is effective and that a just and reasonable result is intended. Section 2-4-201(1)(a), (b), and (c), C.R.S. (1980 Repl.Vol. 1B).

Here, although the General Assembly intended expeditiously to remove suspected drunken drivers from the roadway, we must presume that it did not intend to accomplish this goal in a manner inconsistent with the driver's right to due process. *See* § 2-4-201(1)(a), C.R.S. In order to ensure fundamental fairness, if the driver can prove the failure or incapacity to make a timely application was involuntary and through no fault of his own, § 42-2-122.-1(7)(c) must be construed to allow a fair opportunity for a hearing when requested. Inasmuch as the statute prohibits any stay of the license revocation pending the hearing, this construction does not conflict with the legislative intent to remove suspected drunk drivers from the highway.

The question before us is whether plaintiff demonstrated that he had done what was reasonably necessary to file a timely request for hearing and whether he was without fault in failing to get it done. Based upon the record before it, the trial court's resolution of this question was correct.

Here, plaintiff, in support of his verified statement, submitted an affidavit by the attorney acknowledging that the failure to file timely was due to his neglect. When a party is prevented from taking some required action through the admitted neglect of his attorney, that failure is not the fault of the party. *See Trujillo v. Industrial Commission,* 648 P.2d 1094 (Colo.App. 1982). The attorney's neglect to make a timely request for hearing should not be construed as a waiver of plaintiff's right to a due process hearing. Therefore, under the undisputed facts before it, the trial court was correct in ordering the department to give the driver a hearing.

The order granting driver a hearing pursuant to § 42-2-122.1(7)(c) should be affirmed, but, in light of the statutory language barring any stay of revocation, the order granting him a stay pending the hearing should be vacated.