713 P.2d 928 (1985)
In the Matter of the ESTATE OF Thelma HILL, a protected person.
E.W. PLETTNER, III, Claimant-Appellant,
v.
Edward B. ALMON, Conservator-Appellee.
No. 84CA1265.
Colorado Court of Appeals, Div. II.
December 5, 1985.
John A. Berman, Denver, for claimant-appellant.
David Barsotti, Denver, for conservator-appellee.
*929 STERNBERG, Judge.
E.W. Plettner III (claimant) appeals from the dismissal of his claim against the estate of Thelma Hill, a protected person. Claimant argues that the probate court erred in ruling that the Dead Man's Statute in its present version, see § 13-90-102, C.R.S. (1985 Cum.Supp.), rendered him incompetent to testify in support of the value of his claim. We reverse and remand with directions.
The protected person petitioned for appointment of a conservator pursuant to § 15-14-401, et seq., C.R.S., stating that she could not effectively manage her property and affairs because of her advanced age. The petition also requested approval of a trust agreement which detailed the terms and conditions of the protected person's relationship with claimant. By that agreement claimant was to live in the protected person's home and provide her with care and companionship for the remainder of her life. Edward Almon was appointed to serve both as conservator and as trustee, and was authorized to discharge valid debts of the estate "including claims for replacement values and expenses in obtaining replacement."
Claimant duly filed a petition for allowance of claim, alleging that the protected person had caused the removal and destruction of his property located in her house. The conservator denied the claim, taking the position that the Dead Man's Statute would bar claimant from testifying as to the amount of his loss. At a hearing on this issue, claimant made an offer of proof showing that he would testify only as to transactions occurring outside the presence of the protected person, concerning which the protected person could not testify of her own knowledge. These matters would include his acquisition of the property in question, the replacement value, and the value of his time in establishing his claimed loss. The existence of the property and the alleged taking by the protected person were to be proved by testimony of third-party witnesses.
The probate court stated that, even if claimant were competent to testify as to the value of the property claimed, "the clear implication is that somehow these were bound up in the transaction involving [the protected person]." Then, citing Tompkins v. DeLeon, 197 Colo. 569, 595 P.2d 242 (1979), the court ruled "with some frustration" that the statute was an absolute bar to any testimony by claimant. We disagree.
When Tompkins v. DeLeon, supra, was decided, the Dead Man's Statute, in pertinent part, barred testimony by any party:
"to any civil action, suit, or proceeding... when any adverse party sues or defends as the trustee or conservator of an idiot, lunatic, or distracted person or as the executor or administrator ... of any deceased person ... except ... [as to] facts occurring after the death of such deceased person."
Section 13-90-102(1)(a), C.R.S. In Tompkins, the Supreme Court ruled that, despite the purposes of the statute, its language barred testimony by personal injury plaintiffs regarding the extent of their pain, suffering, and medical care during the period of time before the defendant's death even though the decedent could not have any knowledge thereof. Cf. Stephen v. Denver, 659 P.2d 666 (Colo.1983).
Section 13-90-102(1), C.R.S., was amended in 1975 to substitute the terms "mentally incompetent" for "idiot, lunatic, or distracted person." Claimant in the present case concedes that the protected person was mentally incompetent at the time of the hearing on the petition for allowance of his claim.
In 1981, the statute was further amended to its present form by adding exceptions as follows:
"(a)(I) In any such action, suit, or proceeding, a party or interested person may testify to facts occurring after the death of such deceased person.
"(II) In any such action, suit, or proceeding, a party or interested person may testify to facts occurring prior to the death of such deceased person concerning *930 events which occurred outside such deceased person's presence and about which such deceased person could not have testified of his own knowledge had he survived."
Colo.Sess.Laws 1981, ch. 180 at 899.
Thus, the introductory paragraph of this statute, 13-90-102(1) refers both to mental incompetents and deceased persons, but the exclusions in subparagraph (a) refer only to deceased persons. The conservator argues, therefore, that the Dead Man's Statute applies to prohibit the claimant's testimony and that the exceptions do not apply to allow the testimony as would be the case if we were dealing with a decedent's estate. We disagree.
Legislative intent is the polestar of statutory interpretation, Beth Israel Hospital & Geriatric Center v. District Court, 683 P.2d 343 (Colo.1984), and contemporary statements of individual legislators are relevant to judicial inquiry into legislative purpose. Archer Daniels Midland Co. v. State, 690 P.2d 177 (Colo.1984). Courts are to presume that a just and reasonable result was intended by a statute. Section 2-4-201(1)(c), C.R.S.; Stephen v. Denver, supra. Also, an entire statute is presumed to be effective, § 2-4-201(1)(a), C.R.S., and statutes are to be construed as a whole, Massey v. District Court, 180 Colo. 359, 506 P.2d 128 (1973), giving due effect to every word. Johnston v. City Council, 177 Colo. 223, 493 P.2d 651 (1972) (decided under former law); Blue River Defense Committee v. Town of Silverthorne, 33 Colo.App. 10, 516 P.2d 452 (1973).
The transcript of the House and Senate hearings on the 1981 amendments make it clear that the exceptions contained in subparagraph (a)(I) and (II) were proposed and adopted in response to the Supreme Court's decision in Tompkins v. DeLeon, supra, which decision was severely criticized. The amendments were passed overwhelmingly. House Journal, Feb. 27, 1981, p. 419; Senate Journal, Apr. 14, 1981, p. 1407.
Even though the exceptions in question are phrased in terms of deceased persons only, case law has held the purpose of the statute to be "to protect decedent's estates and mental incompetents from false claims." In re Estate of Lopata, 641 P.2d 952 (Colo.1982) (emphasis added); see also Wise v. Hillman, 625 P.2d 364 (Colo.1981).
In our view, to interpret the amendments to the statute so narrowly as to disallow application of the exceptions to mental incompetents would be to violate all of the principles of statutory construction referred to above and, in particular, would disregard the obvious intention of the General Assembly. In this regard, the logic and wisdom of Judge Learned Hand are persuasive:
"There is no more likely way to misapprehend the meaning of languagebe it in a constitution, a statute, a will or a contractthan to read the words literally, forgetting the object which the document as a whole is meant to secure. Nor is a court ever less likely to do its duty than when, with an obsequious show of submission, it disregards the overriding purpose because the particular occasion which has arisen, was not foreseen. That there are hazards in this is quite true; there are hazards in all interpretation, at best a perilous course between dangers on either hand; but it scarcely helps to give so wide a berth to Charybdis's maw that one is in danger of being impaled upon Scylla's rocks."
Central Hanover Bank & Trust Co. v. Commissioner of Internal Revenue, 159 F.2d 167 (2d Cir.1947). See also Tompkins v. DeLeon, supra (Carrigan, J., dissenting); Stephen v. Denver, supra.
We hold, therefore, that the Dead Man's Statute does not preclude claimant's testimony as to transactions occurring outside the presence of the mental incompetent concerning which the mental incompetent could not testify of her own knowledge had she been competent.
Accordingly, the judgment dismissing the claim is reversed, and the cause is remanded to the probate court for further *931 proceedings in accordance with this opinion.
SMITH, J., concurs.
VAN CISE, J., dissents.
VAN CISE, Judge, dissenting:
I respectfully dissent. Claimant, in his brief, concedes that the protected person was mentally incompetent at the time of the hearing on his claim. And, as to claims against mental incompetents, the statute unambiguously precludes testimony such as that proffered here. Thus, I would affirm the ruling and judgment of the trial court.
In DeLeon v. Tompkins, 40 Colo.App. 241, 576 P.2d 563 (1977), the plaintiff, allegedly injured as a result of decedent's negligence, was prohibited by the trial court from testifying concerning his pain, suffering, and medical care occurring prior to decedent's death. A majority of a division of this court reversed the trial court, holding that:
"Because the purpose of the Colorado Dead Man's Statute [§ 13-90-102(1), C.R.S.] is not undermined by the admission of testimony which the decedent could not have contradicted of his own knowledge, we hold that the statute does not operate to bar admission of such testimony."
On certiorari, our Supreme Court reversed this court and affirmed the ruling of the trial court, stating:
"The statute clearly prevents the [plaintiff] from testifying regarding any events occurring prior to [decedent's] death. The court of appeals' decision creates a judicial exception additional to those set forth in the statute and contradicts the purpose of subsection (a) thereof. As the statute is clear and unambiguous and as the competency of witnesses falls within the area of legislative prerogative, there is no room for judicial modification here.
"The majority of the court of appeals relied in part upon the belief that admission of the contested testimony would not subvert the purpose of the statute.... Nonetheless, we agree with the dissenting opinion of the court of appeals that the courts have an obligation to apply the clear language of the statute."
Tompkins v. DeLeon, 197 Colo. 569, 595 P.2d 242 (1979) (Tompkins).
The statute in effect when Tompkins was decided by the trial court was amended in 1975 to preclude an interested party from testifying when an adverse party sues or defends as the trustee or conservator of a mentally incompetent person. Colo.Sess.Laws 1975, ch. 251 at 925.
Then, as pointed out by the majority, after Tompkins had been announced, the general assembly in 1981 amended the statute again, broadening the stated exceptions such that § 13-90-102(1)(a) now provides:
"(I) In any such action, suit, or proceeding, a party or interested person may testify to facts occurring after the death of such deceased person.

"(II) In any such action, suit, or proceeding, a party or interested person may testify to facts occurring prior to the death of such deceased person concerning events which occurred outside such deceased person's presence and about which such deceased person could not have testified of his own knowledge had he survived." (emphasis supplied)
The 1981 amendment clearly and unambiguously applies only to actions in which an adverse party sues or defends as the representative of a deceased person. It does not apply to actions in which, as in the instant case, the adverse party sues or defends as the trustee and conservator of a mentally incompetent person. The general assembly, in enacting the 1981 amendment, could have included mental incompetents, but it did not do so. Therefore, as stated by the supreme court in Tompkins, "[T]here is no room for judicial modification here," and "the courts have an obligation to apply the clear language of the statute."