**Jerry Royce KELLEY, Plaintiff–Appellant,**

v.

**DEPARTMENT OF REVENUE OF the STATE OF COLORADO, MOTOR VEHICLE DIVISION, Defendant–Appellee.**

**No. 88CA0070.**

Colorado Court of Appeals, Div. I.

Aug. 24, 1989.

Douglas Pooley, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Antony B. Dyl, Asst. Atty. Gen., Denver, for defendant-appellee.

HUME, Judge.

Plaintiff, Jerry Royce Kelley, appeals from the district court judgment affirming the revocation of his driver's license by the Department of Revenue (Department), which the Department ordered without conducting an administrative hearing. We affirm.

Following his arrest for driving under the influence of alcohol on September 1, 1987, plaintiff submitted to a blood test to determine his blood alcohol content (BAC). Plaintiff's driver's license was subsequently revoked pursuant to § 42–2–122.1, C.R.S. (1984 Repl. Vol. 17) when the blood test results showed his BAC was .15 or more grams of alcohol per 100 milliliters of blood. The notice and order of revocation was issued by the Department upon receipt of the arresting officer's report, as the arresting officer did not personally serve a notice of revocation on plaintiff while he was still in custody. *See* §§ 42–2–122.-1(3)(a) & (4)(a), C.R.S. (1984 Repl. Vol. 17).

The Department mailed the notice and order of revocation to plaintiff by certified mail on September 21, 1987, advising plaintiff that the revocation would become effective on October 2, 1987. *See* §§ 42–2–122.1(3) & (5)(a), C.R.S. (1984 Repl. Vol. 17). The notice of revocation also advised plaintiff that:

"A hearing will be granted upon receipt of a *written request* by this or any Colorado driver's license office *prior to* the effective revocation/denial date. Your Colorado driver's license must be surrendered at the same time. If a hearing request and license surrender is not received *prior to* the effective date, *your right to a hearing is waived.*" (emphasis added)

*See* §§ 42–2–122.1(3)(c) & (7), C.R.S. (1984 Repl. Vol. 17).

Plaintiff actually received the notice of revocation on September 25, 1987. Plaintiff appeared in person at one of the Department's offices on October 2, 1987, in order to request a hearing, but his request was denied as untimely.

On October 8, 1987, plaintiff submitted a written request for a hearing to the Department, which contained his verified statement explaining that he thought he had seven days from actual receipt of notice within which to request a hearing and that he was unable to make a timely request because of lack of actual notice of the revocation. The Department again denied his request for a hearing, noting that

plaintiff admittedly had received actual notice and had simply failed to make a timely request prior to the effective date of revocation.

On review, the district court affirmed the revocation, and this appeal followed.

Plaintiff contends that he was entitled to request a hearing within seven days after actual receipt of the notice of revocation and that the Department therefore erred in denying his initial request for a hearing. We disagree.

Section 42–2–122.1(7)(b), C.R.S. (1984 Repl. Vol. 17) provides that:

"The request for a hearing *must be made within seven days after the person received the notice of revocation as provided in subsection (4) of this section or is deemed to have received the notice by mail as provided in subsection (3) of this section.* If written request for a hearing is not received within the seven-day period, the right to a hearing is waived, and the determination of the department which is based on the enforcement officer's report becomes final." (emphasis added)

Section 42–2–122.1(4)(a), C.R.S. (1984 Repl. Vol. 17), in turn, provides for personal service of a notice of revocation by the arresting officer in certain circumstances. Whenever a notice of revocation is served by mail, however, § 42–2–122.1(3)(b), C.R.S. (1984 Repl. Vol. 17), provides that: "The notice is deemed received three days after mailing, unless returned by postal authorities."

■ Statutory terms should be given effect according to their plain and obvious meaning unless the result is absurd. *Ellis v. Charnes*, 722 P.2d 436 (Colo.App.1986). Accordingly, we conclude that whenever a notice of revocation is served by mail which is not returned by postal authorities, these statutory provisions require a request for a hearing to be made within seven days after the notice is deemed received pursuant to § 42–2–122.1(3)(b), regardless of when the notice is actually received.

■ Here, since the notice of revocation was deemed received on September 24,

1987, the seven-day period expired on October 1, and the Department therefore properly denied plaintiff's October 2 hearing request as untimely.

Plaintiff also contends that the Department acted arbitrarily and capriciously in denying his October 8, 1987, written request for a hearing. Again, we disagree.

Pursuant to § 42-2-122.1(7)(c), C.R.S. (1984 Repl. Vol. 17), the Department was required to receive and consider this untimely written request for a hearing, and was further required to waive the period of limitation and grant this hearing request if it found that plaintiff "was unable to make a timely request due to lack of actual notice of the revocation or due to factors of physical incapacity such as hospitalization or incarceration."

Here, plaintiff does not claim that any physical incapacity prevented him from making a timely application for hearing. Nor has he shown that he was prevented from making timely application because he had only six rather than seven days actual notice of the effective date of the revocation. Thus, he has not shown that the actual notice he was provided was insufficient to permit him to make a timely hearing request. Under these circumstances, plaintiff did not satisfy the statutory criteria for obtaining a hearing after the expiration of the limitation period, and the Department therefore properly denied his October 8, 1987, written request for a hearing. *See Baulsir v. State*, 702 P.2d 277 (Colo.App.1985).

Plaintiff also claims that his equal protection rights were violated by this statutory scheme, which allows a driver seven days after actual notice to request a hearing if the notice of revocation is served personally, but may allow less than seven days after actual notice if the notice is served by mail. We decline to address this argument, as this court does not have jurisdiction to determine the constitutionality of statutes. *See* § 13-4-102(1)(b), C.R.S. (1987 Repl. Vol. 6A).

Accordingly, to the extent that the issues raised are within the jurisdiction of this court, we conclude that the district court properly upheld the revocation, and the judgment is therefore affirmed.

PIERCE, J., concurs.

TURSI, J., dissents.

TURSI, Judge, dissenting.

I respectfully dissent.

Initially, the majority misapplies the statutory notice requirements of § 42-2-122.1(5)(a), C.R.S. (1984 Repl. Vol. 17) which provides:

"the license revocation shall become effective *seven days after the subject person has received the notice of revocation* as provided in subsection 4 of this section *or is deemed to have received the notice of revocation by mail as provided in subsection 3 of this section.* If a written request for hearing is received by the Department within that same seven day period, the effective date of the revocation shall be stayed until a final order is issued following the hearing; except that any delay in the hearing which is caused or requested by the subject person or counsel representing that person shall not result in a stay of the revocation during the period of delay." (emphasis supplied)

Secondarily, I adhere to my dissent in *Baulsir v. Department of Revenue*, 702 P.2d 277 (Colo.App.1985) in its interpretation of § 42-2-122.1(7)(c), C.R.S. (1984 Repl. Vol. 17).