John J. Donlon, Executive Director Department of Labor and Employment 600 Grant Street, Room 900 Denver, Colorado 80203
Dear Mr. Donlon:
This opinion letter responds to your request for an opinion about the legality of implementing alternative insurance programs under the Workers' Compensation Act for corporate officers of employee corporations.
QUESTIONS PRESENTED AND CONCLUSIONS
1. Does a waiver of worker's compensation coverage under section 8-41-202, C.R.S. (1991 Supp.), extend to employers other than the corporation of which the worker is an officer?
No.
2. May the director investigate the validity of corporate officer waivers, determine the extent to which such waivers affect an employer, and take action to enforce the requirements of the Worker's Compensation Act?
Yes.
ANALYSIS
1. The Worker's Compensation Act ("Act") generally requires employers to secure compensation for all employees. Section8-44-101(1), C.R.S. (1991 Supp.). However, under section8-41-202, C.R.S. (1991 Supp.), corporations are not required to secure compensation for qualifying corporate officers who choose to reject the provisions of the Act.
Although seemingly clear on its face, this corporate officer exemption has led to practices which require a closer examination of the underlying legislative intent. It appears that workers have formed "employee corporations" — corporations made up of workers, each of whom is an officer owning at least ten percent of the stock — which have then contracted with other business entities, such as other corporations, to provide services. When these workers waive their compensation rights under the corporate officer exemption, it is clear that the "employee corporation" is relieved of the obligation to provide coverage. The more difficult question is whether this waiver affects the business entity which has contracted with the "employee corporation" for the workers' services.
The answer is that the worker's waiver does not affect the other business entity. The legislature's intent, discernible from the governing statute, section 8-41-202, is that a corporate officer's waiver can affect only the "employing corporation" — the entity which has the worker as its corporate officer:
 Notwithstanding any provisions of articles 40 to 47 of this title to the contrary, a corporate officer of a corporation may elect to reject the provisions of articles 40 to 47 of this title. If so elected, said corporate officer shall provide written notice of such election to the corporate insurer of the employing corporation by certified mail.
(Emphasis added.) Section 8-41-202(1), C.R.S. (1991 Supp.).See also Beth Israel Hospital Geriatric Centerv. District Court, 683 P.2d 343, 345 (Colo. 1984) (legislative intent is the "polestar of statutory interpretation"); People v. District Court, 713 P.2d 918
(Colo. 1986) (statutory words and phrases should be given effect according to their plain and ordinary meaning).
Thus, depending on the relationship between the workers in the "employee corporation" and the entity which has contracted for their services, the contracting entity might be required to provide coverage under the Act. If the workers provide services to this entity in a manner which constitutes an employer-employee relationship under the applicable definitions, sections 8-40-202, 203, C.R.S. (1991 Supp.), the contracting entity would be obligated to provide coverage as any employer. Section 8-44-101, C.R.S. (1991 Supp.). And, in such a case, the use of any non-complying insurance program would be insufficient to discharge the statutory duties imposed by the Act. Section8-44-102, C.R.S. (1991 Supp.).
There is an alternative view, but it is legally unsound. It requires construing section 8-41-202 in such a way that an "employing corporation" could be a different entity than the one of which the worker is a corporate officer. Under such a construction, a worker's waiver could then affect both the "employee corporation" and the entity which has contracted for the worker's services. This construction is untenable for three reasons.
First, nothing in section 8-41-202 or elsewhere in the Act indicates that a corporate officer's waiver could apply to more than one employer. Had the legislature intended such a result, it certainly knew how to provide for it. The Act's silence in this regard is good evidence that the legislature had no such intent.
Second, it is unlikely that the legislature intended any construction which might frustrate the general purpose of the Act. See In re Marriage of Davisson, 797 P.2d 809,810 (Colo.App. 1990) (a statute should be interpreted so as to give consistent, harmonious, and sensible effect to all of its parts). Under the alternative construction, the corporate officer exemption could become a way for many employers and employees to avoid the Act's basic scheme, which requires the sacrifice of common law rights and remedies in favor of a comprehensive compensation system. Section 8-40-102, C.R.S. (1991 Supp.).
Third, the recorded history indicates that the legislature intended for the corporate officer exemption to apply asnarrowly as possible. The legislature specifically did not want regular employees becoming corporate officers for the purpose of rejecting worker's compensation coverage. For this reason, section 8-41-202(3) provides:
 Nothing in this section shall be construed to limit the responsibility of corporations to provide coverage for their employees as required under articles 40 to 47 of this title.
See Hearings on A Bill For An Act Concerning The Nonsubstantive Revision Of The Laws Concerning The Worker's Compensation System: Hearings on S.B. 236 before the Senate Business Committee, 54th General Assembly, 1st Regular Session (February 28, March 2, and March 7, 1983) and before the House Business Committee, 54th General Assembly, 1st Regular Session (April 12, 1983). See also In re Estateof Hill, 713 P.2d 928, 930 (Colo.App. 1985) (contemporary statements of individual legislators are relevant to judicial inquiry into legislative purpose).
In conclusion, a waiver made under section 8-41-202 can only affect the corporation of which the worker is an officer. Any other entity which qualifies as an employer of the worker must provide coverage which complies with the requirements of the Act.
2. The director of the division of worker's compensation is charged with the responsibility of overseeing the administration of the Worker's Compensation Act. Section 8-47-101, C.R.S. (1991 Supp.). Accompanying this responsibility is a broad grant of investigatory and enforcement powers. As of July 1, 1991, the director is vested with all of the powers which previously were conferred upon the director of the division of labor. Section8-47-101.
The director's authority over worker's compensation matters logically includes authority over corporate officer waivers executed under section 8-41-202. Because the director is responsible for ensuring that such waivers comply with statutory intent, he may exercise his investigative and enforcement powers in this area. The following are some of the measures which the director is authorized to take.
First, the director may, with the written approval of the Executive Director of the Department of Labor, appoint an agent or referee to conduct any necessary investigations. Section8-43-208(1), C.R.S. (1991 Supp.). The director's investigative power includes the authority to subpoena records and take testimony. Section 8-43-208(3), C.R.S. (1991 Supp.).
Second, the director may hold hearings on the results of investigations. Section 8-43-208(1). The recommendations of the hearing officer or agent do not preclude the director from pursuing further investigations. Section 8-43-208(3).
Third, should the director ascertain that an insurance carrier has willfully violated the provisions of the Act, he is empowered to request of the commissioner of insurance that the insurer's license be suspended or revoked. Section 8-44-106, C.R.S. (1991 Supp.).
Fourth, the director may request that "the attorney general or the district attorney of any district or any attorney in the regular employ of the division institute and prosecute the necessary actions for the enforcement of any of the provisions of the Act." Section 8-43-401, C.R.S. (1991 Supp.).
Fifth, the Director can institute the proper action to enjoin an employer from continuing business operations, if that employer fails to insure or keep its insurance effective. Section8-43-409, C.R.S. (1991 Supp.).
SUMMARY
The rejection of worker's compensation under the corporate officer exemption, section 8-41-202, is effective only as it relates to the "employing corporation" — the corporation of which the worker is a corporate officer. The waiver does not affect any other entity. Any other employer of the worker must provide compensation under the requirements of the Act.
The director is empowered to ensure that corporate officer waivers comply with statutory requirements. The director is empowered to ensure that employers and insurers provide compensation as required.
Sincerely,
 GALE A. NORTON Attorney General
WORKMEN'S COMPENSATION WAIVERS STATUTORY CONSTRUCTION S.B. 236 (1983)
§ 8-40-101(1), C.R.S. (1991 Supp.) § 8-40-102, C.R.S. (1991 Supp.) § 8-40-202, C.R.S. (1991 Supp.) § 8-40-203, C.R.S. (1991 Supp.) § 8-41-202, C.R.S. (1991 Supp.) § 8-41-202(1), C.R.S. (1991 Supp.) § 8-41-202(3), C.R.S. (1991 Supp.) § 8-43-208(1), C.R.S. (1991 Supp.) § 8-43-208(3), C.R.S. (1991 Supp.) § 8-43-401, C.R.S. (1991 Supp.) § 8-43-408, C.R.S. (1991 Supp.) § 8-44-101(1), C.R.S. (1991 Supp.) § 8-44-102, C.R.S. (1991 Supp.) § 8-44-106, C.R.S. (1991 Supp.) § 8-44-106, C.R.S. (1991 Supp.)
LABOR EMPLOYMENT, DEPARTMENT OF
Corporate officers may elect to waive workers compensation coverage pursuant to the Colorado Workers Compensation Act. Employees of a corporation would form a second entity, an employee corporation, but continue to work for the corporation that employed them. Officers of the employee corporation elected to waive coverage from both the employee corporation and the employer. However, the corporate officer may only waive coverage from the corporation of which it is an officer, and he may not waive coverage from his employer unless he is also a corporate officer of the employer. The director of the division of workers compensation is empowered to ensure that the corporate officer exemption complies with the statutory requirements.