585 P.2d 933 (1978)
Wilma J. ANDREWS, Petitioner,
v.
DIRECTOR, DIVISION OF EMPLOYMENT, INDUSTRIAL COMMISSION of the State of Colorado, and Niagara House of Denver, Respondents.
No. 78-112.
Colorado Court of Appeals, Div. II.
October 12, 1978.
*934 Kathleen T. Kavanaugh, Denver, for petitioner.
J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Louis L. Kelley, Asst. Atty. Gen., Denver, for respondent Director, Division of Employment, Industrial Commission of the State of Colorado.
Roath & Brega, P. C., Jack W. Berryhill, Denver, for respondent Niagara House of Denver.
STERNBERG, Judge.
The claimant, Wilma Andrews, seeks review of a final order of the Industrial Commission dismissing her petition for review of an initial decision of the Commission in an unemployment compensation case. The Commission determined Andrews' petition for review was not timely filed, and therefore did not consider it. We conclude that the petition was not timely filed, but because there existed neither the statutorily mandated regulations concerning good cause for a late filing, nor appropriate findings on the good cause issue, we remand the matter to the Commission for further appropriate proceedings.
Andrews was employed as a part-time laundress by Niagara House of Denver from August 29, 1972, until about July 19, 1977, when her employment was terminated under circumstances which form the basis for this dispute. She filed for unemployment benefits, and the deputy found that she was entitled to a full award. The employer appealed, and the referee reversed the deputy's decision, holding that Andrews was disqualified from receipt of benefits for a period of 12 weeks.
Andrews appealed the referee's decision to the Commission. It upheld the referee's decision, but modified the penalty to the minimum 6-week disqualification under the Act. Andrews then requested the Commission to review that decision. The Commission notified her that it was without jurisdiction to review, having received her petition two days after the statutory deadline as set out in § 8-74-106(1)(a), C.R.S.1973 (1976 Cum.Supp.).
Andrews then petitioned the Commission to review its dismissal of her petition to review. She explained in a letter to the Commission that on the last day on which she could file her petition, December 28, 1977, she telephoned the appeals section of the Industrial Commission inquiring if it would be sufficient to mail in the petition. Andrews said that she was advised that mailing would be sufficient if the petition were postmarked within the 15-day period, or more specifically by midnight of December 28. She stated that she deposited the petition in the mail that afternoon. It was received by the division on December 30, 1977. Based upon the lateness of the request to reconsider, the Commission upheld its earlier dismissal and Andrews seeks review in this court.
The relevant statute setting forth time limits for an appeal to the Commission is § 8-74-106(1), C.R.S.1973 (1976 Cum.Supp.), which provides in part:

*935 "(a) Any party may petition for review of a deputy's, a hearing officer's, or an initial commission decision by filing a petition therefor with the division within fifteen calendar days after the date of notification of such decision. . . .
(b) Unless, within fifteen days after the date of notification of a deputy's, a hearing officer's, or an initial commission decision, an interested party petitions for review of such decision, the decision shall be final. Petitions for review may be accepted out of time only for good cause shown and in accordance with regulations adopted by the commission." (emphasis added)
The petition in this case having been received by the division more than 15 calendar days after the date of notification, it is untimely. The statute clearly contemplates receipt by the division, not depositing in the mail as the determinative factor. Other sections of this statute (8-74-103 and 8-74-104(1), C.R.S.1973 (1976 Cum.Supp.)) specifically refer to a petition being "postmarked or received"; here, the statute does not refer to anything other than the "filing" of a petition. We hold, therefore, that Andrews' mailing of the petition within the 15-day period did not comply with the requirements of § 8-74-106(1)(a), C.R.S.1973 (1976 Cum.Supp.) because it was not filed with the division before the expiration of the 15-day period.
However, although the statute specifically allows the Commission to accept an untimely petition upon a showing of "good cause," the Commission made no finding on whether the facts alleged by Andrews were true, or whether if true, they would have constituted good cause under the statute. Furthermore, the Commission has adopted no regulations in this regard.
Consequently, we set aside the order and remand the cause to the Commission for further proceedings including the entry of findings of fact and conclusions on the issue of good cause herein and for the adoption of regulations, forthwith, pursuant to the statute. See Elizondo v. Dept. of Revenue, Colo., 570 P.2d 518 (1977).
ENOCH and RULAND, JJ., concur.