Robert F. TRUJILLO, Petitioner,

v.

INDUSTRIAL COMMISSION OF THE STATE OF COLORADO, (Ex-Officio Unemployment Compensation Commission of Colorado), Colorado Division of Employment, and Rose Medical Center Hospital Association, Respondents.

No. 81CA1217.

Colorado Court of Appeals, Div. I.

April 22, 1982.

Rehearing Denied May 20, 1982.

Certiorari Denied July 6, 1982.

Legal Aid Society of Metropolitan Denver, Linda J. Olson, Bill Whitacre, Denver, for petitioner.

J. D. MacFarlane, Atty. Gen., David Lavinder, Asst. Atty. Gen., Denver, for respondent Industrial Commission and Colorado Div. of Employment.

Zarlengo, Mott & Zarlengo, Donald E. Cordova, Denver, for respondent Rose Medical Center.

VAN CISE, Judge.

In this unemployment compensation case, Robert F. Trujillo (claimant), seeks review of a final order of the Industrial Commission which found that he did not show good cause for his failure to file a timely appeal from a referee's decision. We set aside the order.

In October 1980, a deputy granted claimant a reduced award because, according to the deputy's findings, claimant had quit work due to dissatisfaction with working conditions and assigned duties. *See* § 8–73–108(5)(a), C.R.S.1973, as amended in Colo.Sess.Laws 1976, ch. 38 at 344. An appeal hearing before a referee was scheduled for December 2, 1980. The notice of the hearing stated that it had been mailed on November 18. When claimant failed to appear at the hearing, a notice of withdrawal of appeal was sent to claimant on December 3 indicating that, unless claimant established good cause for his failure to appear, the deputy's decision would become final.

Claimant then filed a form stating that he had not received notice of the December 2 hearing until December 3, and asserted that the notice had not been mailed until December 2. In support of his position, claimant submitted a photocopy of an envelope from the Colorado Division of Employment and Training which was postmarked December 2, 1980.

The appeal was dismissed by a referee for failure to file a sworn statement. Claimant then obtained an attorney and filed another appeal to the same effect but with a sworn statement.

A referee considered the appeal and, in a decision rendered March 12, 1981, stated in pertinent part:

"File materials in the folder indicate that interested parties were duly notified of the time, date, and place of hearing.

. . . .

"The referee has reviewed the sworn statement and has carefully considered the facts therein.

"In determining whether these reasons constitute good cause for failing to appear at the scheduled hearing, the Referee has considered the guidelines set forth in Section 12.1.14 of the Regulations for the Determination of Good Cause.

"Based on these guidelines the Referee concludes that the facts set forth in the appellant's sworn statement do not con-

stitute good cause for failure to appear at the previously scheduled hearing."

An appeal from that decision was filed on April 2, six days after the 15 day period for filing an appeal prescribed by § 8–74–106(1)(a), C.R.S.1973 (1981 Cum.Supp.) had expired. *See Andrews v. Director Division of Employment,* 41 Colo.App. 408, 585 P.2d 933 (1978). Claimant's counsel filed an affidavit stating that claimant had authorized an appeal on March 17 and that, because of the press of work and confusion which had resulted from handling an additional contemporaneous case involving claimant, counsel was at fault in failing to file a timely appeal.

The Commission remanded to the referee for a determination (1) as to whether there was good cause to allow the untimely appeal, *see* § 8–74–106(1)(b), C.R.S.1973 (1981 Cum.Supp.), and, if so, (2) whether claimant had good cause for his failure to appear at the December 2 hearing.

On remand, a hearing was held. The referee, after making findings similar to counsel's affirmations in the affidavit, concluded, as to (1) above, that good cause for late filing of the appeal had not been shown. So concluding, he did not address (2). On appeal, the Commission affirmed. This petition for review followed.

Claimant now contends that under Industrial Commission Regulation 12.1.14, *see* 7 Code Colo.Reg. 1101.2 at 40, he did have good cause for the untimely filing of his appeal and that the Commission's determination that good cause had not been shown did not conform to its own regulation. We agree.

That regulation provides:

"In determining whether good cause has been shown for the accepting or permitting an untimely action, the Division and the Commission shall consider all relevant factors including but not limited to whether the party acted in the manner that a reasonably prudent individual would have acted under the same or similar circumstances, whether the party received timely notice of the need to act, whether there was administrative error by the Division, whether there were factors outside the control of the party which prevented a timely action, the efforts made by the party to seek an extension of time by promptly notifying the Division, the party's physical inability to take timely action, the length of time the action was untimely, and whether any other interested party has been prejudiced by the untimely action."

It is true that negligence of counsel generally is not considered "excusable neglect" which would justify the late filing of a notice of appeal under C.A.R. 4(a). *See Cox v. Adams,* 171 Colo. 37, 464 P.2d 513 (1970); *Bosworth Data Services, Inc. v. Gloss,* 41 Colo.App. 530, 587 P.2d 1201 (1978). However, such negligence does generally constitute "good cause shown" for setting aside a default under C.R.C.P. 55(c). *See Coerber v. Rath,* 164 Colo. 294, 435 P.2d 228 (1967); *Dudley v. Keller,* 33 Colo.App. 320, 521 P.2d 175 (1974). In any event claimant's attorney's neglect was a factor "outside the control of the *party* which prevented a timely action." (emphasis supplied)

Claimant certainly "acted in the manner that a reasonably prudent individual *would* have acted" in contacting his attorney five days after the March 12 decision was mailed to him and in assuming that she would comply with the legal requirements for perfecting the appeal. Also, here the length of time involved was minimal, with no showing that the untimely action prejudiced the employer or any other "interested party."

▆▆▆▆    The employment security act is to be construed liberally in favor of the claimant when possible. *Denver Symphony Ass'n v. Industrial Commission,* 34 Colo. App. 343, 526 P.2d 685 (1974). So construing the act and the regulations adopted in implementation thereof, and in view of the relevant factors discussed above as well as the fact that claimant has not had a hearing on the merits of his claim, we hold that the Commission erred in concluding that good cause was not shown for "accepting or permitting" the untimely appeal of the referee's March 12 decision.

The order is set aside and the cause is remanded to the Commission to determine whether claimant had good cause for his failure to appear at the December 1980 hearing and, if so, to conduct an appeal hearing on the merits of the claim and enter appropriate orders.

COYTE and TURSI, JJ., concur.