MOHAWK DATA SCIENCES CORPORATION, Petitioner,

v.

INDUSTRIAL COMMISSION OF COLORADO (Ex-Officio Unemployment Compensation Commission of Colorado), and Jerald D. Dobbs, Respondents.

No. 82CA1314.

Colorado Court of Appeals, Div. III.

Sept. 29, 1983.

Coghill & Goodspeed, P.C., Paul E. Good-speed, Denver, for petitioner.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel Cantrick, Sol. Gen., Patricia A. Blizzard, Asst. Atty. Gen., Denver, for respondent Indus. Com'n.

Brauer, Simons & Buescher, P.C., Joseph M. Goldhammer, Denver, for respondent Jerald D. Dobbs.

BERMAN, Judge.

Mohawk Data Sciences Corporation (employer) seeks review of a final order of the Industrial Commission which held that Mohawk did not show "good cause" for its failure timely to appeal an adverse decision of the deputy. *See* § 8–74–106(1)(b), C.R.S. 1973 (1982 Cum.Supp.). We affirm.

The record indicates that the deputy rendered a decision granting full unemployment compensation benefits to claimant and mailed it to the employer's tax department in New Jersey on January 21, 1982. On February 10, 1982, beyond the 15-day period permitted by § 8–74–106(1)(b), the employer appealed the deputy's decision.

At a hearing conducted for purposes of determining whether the employer had good cause for filing a late appeal, the employer offered into evidence the notarized affidavit of its general counsel. In the affidavit, the general counsel stated that he left the country on January 29, 1982, and did not return until February 8, 1982. He further stated that the notice of the deputy's decision arrived in his office after his departure, and that he directed the employer's Denver counsel to file an appeal as soon as he returned and discovered the problem.

The referee found that the employer did not show good cause for filing a late appeal because it had presented only the hearsay affidavit and, even if the affidavit was considered, the employer's general counsel had acted unreasonably by failing to have his mail "taken care of" during his trip. The Commission affirmed the referee's conclusions and made certain additional findings. Specifically, the Commission found that the affidavit did not demonstrate good cause because the employer received the deputy's decision and should have acted on it. The Commission stated that, under these circumstances, it was the employer's responsibility to seek an extension of time for filing an appeal, and it could not rely on the absence of the general counsel as an excuse for failing to do so.

The employer's first contention is that the Commission erred in finding that the affidavit, standing alone, did not constitute competent evidence of good cause. The second contention is that the Commission erred in finding that, even if the affidavit is considered, good cause was not shown. Because we disagree with the second contention, we need not address the first.

Section 8–74–106(1)(b) provides that "[p]etitions for review may be accepted out of time only for good cause shown and in accordance with regulations adopted by the commission." Pursuant to the authority contained in the statute, the Commission has adopted Industrial Commission Regulation 12.1.14, 7 Code Colo.Reg. 1101–2 at 40, which provides that:

"In determining whether good cause has been shown for the accepting or permitting an untimely action, the Division and the Commission shall consider all relevant factors including but not limited to whether the party acted in the manner that a reasonably prudent individual would have acted under the same or similar circumstances, whether the party received timely notice of the need to act, whether there was administrative error by the Division, whether there were factors outside the control of the party which prevented timely action, the efforts made by the party to seek an extension of time by promptly notifying the Division, the party's physical inability to take timely action, the length of time the action was untimely, and whether any other interested party has been prejudiced by the untimely action."

Inasmuch as the foregoing regulation was adopted pursuant to the General Assembly's express grant of authority, the Commission's interpretation of the regulation is entitled to great weight. *Timberline*

*Sawmill & Lumber Inc. v. Industrial Commission,* 624 P.2d 367 (Colo.App.1981). Furthermore, the Commission's factual determinations concerning the reasons for the employer's failure timely to file its appeal are conclusive if supported by substantial evidence. Section 8–74–107(4), C.R.S.1973 (1982 Cum.Supp.); *see Andrews v. Director, Division of Employment,* 41 Colo.App. 408, 585 P.2d 933 (1978).

■ Citing *Gibson v. Unemployment Insurance Appeals Board,* 9 Cal.3d 494, 108 Cal.Rptr. 1, 509 P.2d 945 (1973), and authority contained therein, the employer argues that good cause for late filing was shown because the appeal was only five days late and the delay was not shown to be prejudicial to claimant. However, these factors are to be weighed against the Commission's findings that the employer had timely notice of the deputy's decision, that the employer failed to request an extension of time for filing its appeal, and that the employer's general counsel did not act reasonably. In light of the deference which must be accorded the Commission's decision, we cannot say that insufficient consideration was given to the factors cited by the employer.

■ In reaching this result, we are not unmindful of our decision in *Trujillo v. Industrial Commission,* 648 P.2d 1094 (Colo. App.1982). In *Trujillo,* we emphasized that the claimant acted reasonably in retaining an attorney to file his appeal and the failure of the attorney to file a timely appeal was beyond claimant's control. That rationale does not apply here because the employer chose to handle these matters through its own general counsel. In-house counsel occupies the position of an employee, *Hughes v. Christian,* 586 S.W.2d 788 (Mo.App.1979); R. Klein, *The Corporate Law Department as an Employee,* 34 Bus. Law. 845 (1978); or, in some cases, that of an officer as well as an employee. *Jacksonville Terminal Co. v. Florida East Coast Ry. Co.,* 363 F.2d 216 (5th Cir.1966); 2 *W. Fletcher, Cyclopedia of the Law of Private Corporations* § 274 (perm. ed. 1982). Regardless of whether we view the general

counsel of a corporation as an officer-employee or as an employee, negligence on the part of such attorney is imputed to the corporation, and excusable neglect then becomes unavailable as a defense. *See, e.g., Nelson v. Coleman Co.,* 41 F.R.D. 7 (D.S.C. 1966); *Schering Corp. v. Cotlow,* 94 Ariz. 365, 385 P.2d 234 (1963); *Ryder Truck Rental, Inc. v. H.B. Wren Oil Distributing Co.,* 253 Ark. 827, 489 S.W.2d 236 (1973); *GACL, Inc. v. Zeger,* 276 So.2d 552 (Fla. App.1973).

The employer also argues that the Commission violated the above-quoted regulation because it did not make written findings as to all of the factors contained therein. Specifically, the employer contends that no findings were made concerning its "efforts" to seek an extension of time, the length of time the appeal was untimely, and the presence or absence of prejudice to claimant.

■ Although the regulation requires the Commission to consider all of the enumerated factors, there is no requirement that the Commission enter written findings on every factor. Furthermore, the Commission is not held to a "crystalline standard" in articulating its findings. *Allmendinger v. Industrial Commission,* 40 Colo. App. 210, 571 P.2d 741 (1977). Where, as here, the Commission's findings demonstrate that the relevant statute and regulation were considered, we will not infer error from the Commission's failure to enter written findings concerning every factor.

■ Additionally, it is apparent that the Commission considered the employer's attempts to obtain an extension of time. The Commission properly found that the employer had the responsibility to seek an extension but that none was sought in a timely fashion.

Order affirmed.

KELLY and TURSI, JJ., concur.