David A. ZUECH, Petitioner,

v.

The INDUSTRIAL COMMISSION of the State of Colorado, (Ex-Officio Unemployment Compensation Commission of Colorado), and Division of Employment and Training, Respondents.

No. 83CA0706.

Colorado Court of Appeals, Div. III.

Dec. 8, 1983.

Sisto J. Mazza, Trinidad, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Timothy R. Arnold, Asst. Atty. Gen., Denver, for respondents.

STERNBERG, Judge.

Claimant seeks review of a final order of the Industrial Commission "withdrawing" his appeal for failure to appear at a referee's hearing. He contends there was "good cause" for his failure to appear. We remand for further findings.

Claimant was awarded unemployment compensation in September 1982. However, his benefits were terminated in February 1983 because it was determined that claimant was not "actively seeking" employment. Claimant appealed this determination, and a telephone hearing before a referee was set for 10:00 a.m. March 30, 1983. Claimant failed to call in for the hearing and the referee issued a "notice of withdrawal of appeal."

On April 4, 1983, claimant submitted a notarized statement requesting a new hearing. He explained that he had failed to call in because he was offered temporary work at 8:00 a.m. on the day of the hearing. He further stated that he called the referee on March 31 to explain why he missed the hearing.

A second referee reviewed claimant's statement and found, that "based on Section 12.1.14 of the Regulations," it did not show good cause for missing the hearing. The referee made no particular findings, but merely checked a box on a form order. The Commission adopted the conclusion of the referee without comment.

 In determining whether a claimant has shown good cause for failure to act in a timely manner, the referee must consider "all relevant factors" including those stated in Industrial Commission Regulation 12.1.14, 7 Code Colo.Reg. 1101.2 at 40. *Trujillo v. Industrial Commission*, 648 P.2d 1094 (Colo.App.1982). Further, the referee must "issue findings of fact and an order" in support of his good cause determination. Industrial Commission Regulation 12.1.10, 7 Code Colo.Reg. 1101.2 at 39. While the referee is not held to a "crystalline standard" in stating his findings, and need not enter findings on every relevant factor, the basis of his decision should be apparent from the order. *See Mohawk Data Sciences Corp. v. Industrial Commission*, 671 P.2d 1335 (Colo.App.1983); *In re Claim of Allmendinger v. Industrial Commission*, 40 Colo.App. 210, 571 P.2d 741 (1977).

 Here, the basis of the referee's determination is not apparent in the order. Although the order mentions Regulation 12.1.14, it contains no specific findings concerning the relevant factors nor any "interpretive conclusions" indicating the basis of the decision. *See Schneider v. Industrial Commission*, 624 P.2d 371 (Colo.App.1981). Specifically, we note the absence of any findings concerning the reasonableness of claimant's actions or the prejudice accruing because of the delay. Such factors appear particularly pertinent under the circum-

stances. *Trujillo v. Industrial Commission, supra.*

The order of the Commission is set aside and the cause is remanded to the Commission for referral to the referee for a determination of whether good cause existed for claimant's failure to appear. Findings of fact and an order in accordance with Regulation 12.1.10 shall be prepared.

TURSI and BABCOCK, JJ., concur.