**Holland L. FlaHAVHAN, Claimant-Appellant,**

v.

**HEWLETT PACKARD COMPANY, Employer/Interested Party-Appellee,**

**Industrial Commission of the State of Colorado, Interested Party-Appellee.**

**No. 83CA0959.**

Colorado Court of Appeals, Div. III.

Dec. 8, 1983.

Randall W.B. Purvis, Colorado Springs, for claimant-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Christa D. Taylor, Asst. Atty. Gen., Denver, for interested party-appellee.

BABCOCK, Judge.

Holland L. FlaHavhan (claimant) seeks review of the final order of the Industrial Commission affirming the dismissal of his appeal of the decision of the deputy of the Division of Employment and Training for being untimely filed. We set aside the order.

The decision of the deputy reducing claimant's unemployment compensation benefits under § 8–73–108(8), C.R.S.1973 (1982 Cum.Supp.) was mailed to the parties on October 15, 1982. Claimant's notice of appeal of that decision was filed on May 9, 1983, beyond the 15-day period permitted by § 8–74–106(1)(a), C.R.S.1973 (1982 Cum. Supp.).

Claimant submitted a sworn, written statement of good cause for his untimely action stating that at the time he received notice of the deputy's decision he had been reemployed by another company, and for that reason felt that an appeal was unnecessary. He stated that he was subsequently terminated and that when he applied for unemployment benefits he was advised to file a late appeal. The employer did not enter an appearance or submit a statement of its position.

The decision of the appeals referee recited that claimant's sworn statement had been reviewed and that good cause had not been shown based on the guidelines set forth in Industrial Commission Regulation 12.1.14, 7 Code Colo.Reg. 1101.2 at 40. The referee made no individualized findings, but merely checked a box on a form order. The Commission adopted the conclusion of the referee without comment.

Claimant contends that he presented good cause for excusing his untimely action and his appeal should, therefore, not have been dismissed. Because we conclude that the referee did not make sufficient findings of fact, we are unable to reach this issue.

▮ In determining whether claimant has shown good cause for failure to act in a timely manner, the Division and the Commission shall consider all relevant factors, including those stated in Regulation 12.1.-14, guided by the principle that the Employment Security Act and the regulations adopted in implementation thereof are to

be construed liberally in favor of the claimant. *Trujillo v. Industrial Commission,* 648 P.2d 1094 (Colo.App.1982). The referee must "issue findings of fact and an order" in support of his good cause determination. Industrial Commission Regulation 12.1.10, 7 Code Colo.Reg. 1101.2 at 39. Although the referee is not held to a "crystalline standard" in stating his findings and need not enter findings on every relevant factor, the basis of his decision should be apparent from the order. *See Mohawk Data Science Corp. v. Industrial Commission,* 671 P.2d 1335 (Colo.App.1983); *In re Claim of Allmendinger v. Industrial Commission,* 40 Colo.App. 210, 571 P.2d 741 (1977).

■ Here, the basis of the referee's determination is not apparent from the order. Although the order mentions Regulation 12.1.14, it contains no specific findings concerning any of the relevant factors, nor any "interpretive conclusions" indicating the basis for the decision. *See Schneider v. Industrial Commission,* 624 P.2d 371 (Colo.App.1981). Specifically, there are no findings concerning the reasonableness of claimant's actions, the length of time the action was untimely, and whether any interested party has been prejudiced as a result. Such factors appear particularly pertinent under the circumstances presented here. *Trujillo v. Industrial Commission, supra.*

Accordingly, the order of the Commission is set aside and the cause is remanded to the Commission which shall refer the matter to the Division for a determination in accordance with the regulations and consistent with the views expressed herein as to whether good cause exists for claimant's untimely appeal of the deputy's decision, and to enter appropriate orders.

STERNBERG and TURSI, JJ., concur.