Judy G. FINK, Petitioner,

v.

The INDUSTRIAL COMMISSION OF
the STATE OF COLORADO and
Terrence E. Kelly, M.D., Respondents.

No. 83CA1432.

Colorado Court of Appeals,
Div. III.

June 14, 1984.

Rehearing Denied July 26, 1984.

Connolly & Phillips, John D. Phillips, Glenwood Springs, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Laura E. Udis, Asst. Atty. Gen., Denver, for respondent Indus. Com'n.

Terrence E. Kelly, M.D., pro se.

KELLY, Judge.

This matter came on for resolution of this court's May 3, 1984, Order to Show Cause why the petition for review should not be dismissed as untimely filed. Upon consideration of petitioner's response thereto, we now discharge that order.

The Industrial Commission's initial decision, reviewing the hearing officer's order, was mailed on October 12, 1983. Although petitions for review of deputies' or hearing officers' decisions are timely if postmarked or received by the division within fifteen days of the date of mailing of those decisions, *see* §§ 8–74–103(1) and 104(1), C.R.S. (1983 Cum.Supp.), petitions for review of the Commission's initial decision must be filed within fifteen days of the date of mailing of that decision, *i.e.*, mailing and postmarking on or before the fifteenth day is insufficient absent timely filing. *See* §§ 8–74–104(2) and 106(1)(a), C.R.S. (1983 Cum.Supp.); *Andrews v. Director Division of Employment*, 41 Colo.App. 408, 585 P.2d 933 (1978). Accordingly, here, the petition for review had to be filed on or before October 27, 1983.

In fact, the petition for review was filed on October 31, 1983. In her response to our show cause order, petitioner, through

her attorney, alleges that the petition for review was mailed and postmarked on October 27, 1983, and that such action was based on a telephone conversation with a person in the appeals section of the Commission during which petitioner's attorney was informed that mailing and postmarking constituted filing. Neither respondent challenges the veracity of those allegations. The record supports the allegation that the petition for review was mailed on October 27, 1983. It further supports the allegation that the Commission does regard mailing and postmarking as sufficient to constitute timely filing since the Commission did consider the petition for review here as timely filed, and it reached the merits thereof.

The instant case is factually identical to *Andrews, supra.* In *Andrews*, this court set aside the Commission's final order, but noted that the statute governing unemployment compensation specifically allows the Commission to accept untimely filed petitions upon a showing of good cause. Because the Commission had adopted no regulations governing determination of good cause, this court remanded the case to the Commission for adoption of such regulations and for a factual determination whether the petitioner in *Andrews* had shown good cause for her untimely filing.

Pursuant to our directive, regulations governing good cause were adopted. *See* Industrial Commission Rule XII, 7 Code Colo.Reg. 1101–2 at 38. As is most pertinent to this case, the substantive guidelines governing good cause determinations include "whether the party acted in the manner that a reasonably prudent individual would have acted under the same or similar circumstances" and "whether there was administrative error by the Division." Industrial Commission Rule 12.1.14, 7 Code Colo. Reg. 1101–2 at 40–41.

■ Although the determination of good cause is generally a matter for the Commission, we conclude, based on our consideration of the applicable regulation and petitioner's unchallenged allegations here, that good cause for the untimely filing of

the petition for review was established as a matter of law.

 The information conveyed by the appeals section of the Commission was erroneous in light of *Andrews, supra.* Nevertheless, under the circumstances of this case, petitioner's attorney acted in a reasonably prudent manner in relying on such information and such reliance constitutes good cause as a matter of law. *See Converse v. Zinke,* 635 P.2d 882 (Colo.1981).

The order to show cause is discharged, and this case will proceed to resolution on its merits.

STERNBERG and METZGER, JJ., concur.