**Maria E. ESPARZA, Petitioner,**

v.

**INDUSTRIAL COMMISSION OF the STATE OF COLORADO, and Division of Employment, Colorado Department of Labor and Employment, Respondents.**

**No. 84CA0648.**

Colorado Court of Appeals,
Div. I.

May 16, 1985.

Colorado Rural Legal Services, Margaret Gleason, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Karen Maldonado, Asst. Atty. Gen., Denver, for respondents.

STERNBERG, Judge.

Unemployment compensation claimant, Maria E. Esparza, seeks review of a final order of the Industrial Commission dismissing her appeal of an adverse decision of the referee for failure to submit payment for, or to request waiver of, the approximate cost of the transcript of the hearing before the referee. We set aside the order.

Claimant was laid off her job and applied for unemployment compensation benefits. After a hearing, she was denied any award of benefits by a referee.

The referee's decision was initially mailed to claimant's attorney on November 7, 1983. However, it was mailed to the wrong address, and the decision was re-mailed on November 16, 1983. The decision stated that the approximate cost of the transcript *"must* accompany the appeal ... unless waived pursuant to Regulation 11.2.-15." (emphasis in original)

Because her client was in Rocky Ford while she was in Denver, claimant's attorney was concerned about timely completion of the waiver of transcript costs. Moreover, claimant did not have a telephone or a car, and spoke only Spanish. As a result, on November 21, 1983, claimant's counsel filed an appeal from the referee's decision;

however, instead of submitting payment or a sworn request for waiver of transcript costs, counsel stated in the petition: "We will be filing a motion to proceed without costs as soon as our client in Rocky Ford signs the necessary financial affidavit."

On November 25, 1983, the appeals referee dismissed the appeal. He made no specific findings of fact, but merely checked a box on a form order.

On December 12, 1983, however, the appeals referee granted claimant's request for waiver of costs, and the transcript appears in the record in this court. There is no indication that claimant filed an appeal from the appeals referee's dismissal of November 25, 1983. Instead, claimant submitted to the Industrial Commission written argument dealing with the substantive aspects of the case.

On March 22, 1984, the Industrial Commission issued extensive findings of fact and an order affirming the referee's decision dismissing the appeal. The order cited Industrial Commission Regulation 11.2.15, 7 Code Colo.Reg. 1101–2 at 36, which requires that transcript costs or a request for waiver accompany the filing of an appeal. The Commission found strict compliance with that regulation to be jurisdictional. It concluded that claimant's failure to comply with the regulation extinguished its authority to act on the appeal.

Neither the referee nor the Commission made a determination of whether claimant had "good cause" for her failure timely to file the request for waiver. In declining to make a finding on that issue, the Commission distinguished *Trujillo v. Industrial Commission*, 648 P.2d 1094 (Colo.App. 1982). It stated that in *Trujillo* failure timely to file was solely due to the negligence of counsel, while here it found counsel and the claimant were equally to blame, and timely action was not outside the claimant's control.

On review, claimant contends that her appeal was prematurely dismissed, and that the Commission erred in dismissing the appeal, because she established good cause for her failure to act in a timely manner. We agree that the Industrial Commission erred in failing to apply to claimant the regulation dealing with good cause determinations.

As stated in Industrial Commission Rule 12, 7 Code Colo.Reg. 1102–2 at 38, its purpose is to:

"provide procedures and substantive guidelines for the determination of good cause for excusing the failure to act in a timely manner *when ever* [sic] a particular action is required by *any* provision of the Act or these regulations, and *whenever* the above-cited statutes or these regulations permit excuse from failure to act in a timely manner for good cause shown." (emphasis supplied)

This rule applies to *all* procedures except redeterminations of assessments, registrations, and filing of claims.

Industrial Commission Regulation 12.1.-14, 7 Code Colo.Reg. 1102–2 at 40, provides substantive guidelines for the appeals referee to apply in making good cause determinations. Among the relevant factors are:

"whether the party acted in the manner that a reasonably prudent individual would have acted under the same or similar circumstances, whether the party received timely notice of the need to act, whether there was administrative error by the Division, whether there were factors outside the control of the party which prevented a timely action, the efforts made by the party to seek an extension of time by promptly notifying the Division, the party's physical inability to take timely action, the length of time the action was untimely, and whether any other interested party has been prejudiced by the untimely action."

Although in its order the Commission distinguished *Trujillo v. Industrial Commission, supra,* on its facts, it misapprehended the underlying rationale of that case. *Trujillo* stands for the proposition that the Commission must conform to its own regulations, and must apply to every good cause determination *all* the relevant

factors in Industrial Commission Regulation 12.1.14. Furthermore, the Commission must make specific findings of fact with respect to all the enumerated factors which are relevant. *Zuech v. Industrial Commission*, 675 P.2d 18 (Colo.App.1983); *Fla-Havhan v. Hewlett Packard Co.*, 675 P.2d 19 (Colo.App.1983).

Here, the Commission considered and made findings only with respect to whether the failure to act in a timely manner was solely the responsibility of counsel, and, therefore, out of claimant's control. However, the record establishes that other factors listed in the regulation were relevant to a good cause determination. The affidavits of claimant and her attorney establish the relevance of lack of timely notice of the necessity to act, administrative error by the division, physical inability timely to act because of distance and lack of transportation, and lack of prejudice to the parties. Specific findings with respect to these factors are required by the Commission's own regulations. *See Zuech v. Industrial Commission, supra; Trujillo v. Industrial Commission, supra.*

The order of the Industrial Commission is set aside and the cause is remanded to the Commission for referral to the referee for a determination of whether good cause existed for claimant's failure timely to file a request for waiver of payment. Findings of fact specifically addressing all relevant factors in Industrial Commission Regulation 12.1.14 shall be entered.

PIERCE and BERMAN, JJ., concur.