**Mary Rena BREWER, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF the STATE OF COLORADO, and the Division of Employment, Respondents.**

**No. 84CA1437.**

Colorado Court of Appeals,
Div. II.

Aug. 29, 1985.

Rehearing Denied Oct. 3, 1985.

Mary Rena Brewer, pro se.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Kathryn J. Aragon, Asst. Atty. Gen., Denver, for respondents.

SMITH, Judge.

Claimant, Mary Rena Brewer, seeks review of a final order of the Industrial Commission denying her unemployment benefits for seven weeks because she did not file her benefit claim forms in accordance with Commission regulations. We reverse and remand the matter with directions.

After qualifying for benefits in Colorado, claimant moved to Illinois where she obtained interstate claim forms from a job service center in Chicago. There, claimant was advised that each claim form covered a period of two weeks and that she should file one claim form every two weeks. Claimant properly filled out the interstate claim forms and mailed them to Colorado. These claim forms covered the six weeks ending October 15, 22, and 29 and November 5, 12, and 19, 1983.

In the first week of December 1983, claimant returned to Colorado and obtained a supply of claim forms from a local job service center. Unlike the interstate claim forms that claimant had been sending from Illinois, these claim forms covered only one week periods. However, claimant' continued to file claim forms every two weeks as she had been instructed to do in Illinois. On January 24, 1984, claimant started working at a new job.

Although it is not entirely clear from the record, claimant apparently did not receive benefits for the seven weeks ending October 29, November 12 and 26, December 10 and 24, 1983, and January 7 and 14, 1984.

On April 17, 1984, claimant filed "continued claim for benefit" forms for the seven weeks that she had not received benefits. The deputy disallowed the claims on the basis that they were not filed within seven days of the last day of the week for which benefits were claimed. On appeal, the referee affirmed the opinion of the deputy, and the Commission adopted and affirmed the decision of the referee.

**94**

Section 8–74–101(1), C.R.S. (1984 Cum. Supp.) provides that:

"Claims for benefits shall be made, processed, and reviewed pursuant to ... such regulations as the Commission may prescribe."

Industrial Commission Regulations 2.1.2 and 2.1.9 provide in substance that, unless otherwise directed, claims for benefits should be filed weekly and within seven days of the last day of the week for which benefits are claimed. *See* 7 Code Colo. Reg. 1101–2. However, Industrial Commission Regulation 2.1.12 provides for exceptions to the time limits for filing claims "for good cause shown."

Here, no determination was made by the Commission or the referee as to whether claimant had good cause for filing claims on a biweekly rather than a weekly basis. Further, no determinations were made by the Commission or the referee with respect to the applicability of Part XIII of the Commission's regulations governing interstate claims for benefits. *See* Industrial Commission Regulation 13.1.6, 7 Code Colo. Reg. 1101–2.

In our view, a hearing should have been held to determine whether claimant had good cause for filing her claim forms on a biweekly basis. *See Trujillo v. Industrial Commission*, 648 P.2d 1094 (Colo.App. 1982). Also a determination should have been made as to the applicability of the regulations regarding filing of interstate claims.

The order is set aside and the cause is remanded to the commission with directions that a hearing be held to determine whether claimant had good cause for filing her claims for benefits on a biweekly basis. We also direct that a determination be made as to the applicability and effect of the Industrial Commission Regulations governing interstate claims on the present proceedings.

VAN CISE and STERNBERG, JJ., concur.