**Gilbert W. TUCKER, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF the STATE OF COLORADO; Colorado Department of Labor, Division of Employment; and Shortstop, Inc., Respondents.**

**No. 83CA1412.**

Colorado Court of Appeals,
Div. III.

Sept. 12, 1985.

William E. Kenworthy, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Kathryn J. Aragon, Asst. Atty. Gen., Denver, for respondents Indus. Com'n and Colorado Dept. of Labor, Div. of Employment.

No appearance for respondent Shortstop, Inc.

TURSI, Judge.

In this unemployment compensation case, Gilbert W. Tucker (claimant) seeks review of a final order of the Industrial Commission which denied his petition to be allowed a late filing for benefits on the ground that he had failed to establish good cause. We set aside the order.

Claimant was laid off his job on June 30, 1982. Shortly after being laid off, claimant went to Northglenn Job Service Center, an office of the Department of Labor, to apply for unemployment benefits. Claimant was advised to return and make the proper application after exhausting his unused vacation benefits.

After claimant's initial visit to the Center, but before exhausting his vacation benefits, claimant received a lump sum payment of approximately $37,000 from a retirement fund through his former employer. While visiting the Center to inquire about employment prospects, claimant was advised by some claims takers that benefits would be deferred by the number of weeks equal to the lump sum payment divided by the weekly benefit amount of $182. Claimant testified that, in reliance on these representations, he failed to file for benefits.

Approximately ten months later, claimant was told by another employee at the

center that the prior information was erroneous. Claimant was also instructed to fill out forms for delayed claims. Claimant complied with these instructions and claims, dated May 19, 1983, were filed. These benefit claims were denied on the basis of excessive delay in filing. Denial of the claims was timely appealed, and a hearing before a referee was held. The referee affirmed the initial decision, and the Industrial Commission affirmed the referee.

Claimant filed a petition for judicial review of the Commission's final order. This court, however, remanded the case back to the Industrial Commission pursuant to a motion requesting remand filed by the Commission. Thereafter, the Commission vacated the original findings of fact and final order and remanded the case for a hearing to determine whether claimant had good cause for the late filing of his claims.

A rehearing was held. It was concluded that claimant did not establish good cause for the late filing because:

"A definite decision of disposition of this payment should have been initiated, and not possible erroneous information by a claims taker being relied upon. In addition, the consideration of this retirement lump sum payment, according to Division laws and Regulations, would have in all probability [exempted] any payment of benefits because this payment was a retirement payment settlement."

These conclusions were affirmed by the Industrial Commission. Claimant filed an amended petition for review with this court on December 27, 1984.

The claimant alleges that the Industrial Commission erred by failing to consider reliance upon the advice of the Department of Labor personnel as a legally justifiable excuse and good cause for late filing. We agree that claimant's reliance constitutes good cause as a matter of law.

■ Industrial Commission regulations provide "for the determination of good cause for excusing failure to act in a timely manner whenever a particular action is required." Industrial Commission Regulation 12.1.2, 7 Code Colo.Reg. 1101-2. In

the determination of good cause for failure to act in a timely fashion, Industrial Commission Regulation 12.1.14, 7 Code Colo. Reg. 1101-2, delineates several factors that must be considered if relevant. This regulation provides:

"In determining whether good cause has been shown for the accepting or permitting an untimely action, the Division and the Commission shall consider all relevant factors including but not limited to whether the party acted in the manner that a reasonably prudent individual would have acted under the same or similar circumstances, whether the party received timely notice of the need to act, whether there was administrative error by the Division, whether there were factors outside the control of the party which prevented a timely action, the efforts made by the party to seek an extension of time by promptly notifying the Division, the party's physical inability to take timely action, the length of time the action was untimely, and whether any other interested party has been prejudiced by the untimely action."

However, the list of factors in this regulation is not exhaustive.

This court has previously held "that the Commission must conform to its own regulations, and must apply to every good cause determination *all* the relevant factors in Industrial Commission Regulation 12.1.14." *Esparza v. Industrial Commission*, 702 P.2d 288 (Colo.App.1985) (emphasis in original). In addition, the Commission is required to make specific findings of fact with regard to each enumerated factor which is relevant. *Esparza v. Industrial Commission, supra; Zuech v. Industrial Commission*, 675 P.2d 18 (Colo. App.1983).

■ In this case, the claimant relies heavily on the assertion that he acted in reliance upon information given him by Department of Labor employees. While the question whether the advice given the claimant was in fact erroneous remains unanswered, it is undisputed that the claim-

ant failed to file his claims in a timely manner in reliance upon the information received at the Center. The issue in this case is not whether claimant is entitled to any benefits but whether he is entitled to a determination of eligibility on the merits.

Claimant failed to file only because he was advised that his claim would be denied and that filing would be futile. Whether the claimant received good or poor advice should not deprive him of a determination on the merits merely because he relied on that advice. The unique circumstances of this case warrant a finding of good cause as a matter of law. *Cf. Converse v. Zinke,* 635 P.2d 882 (Colo.1981). Fundamental fairness demands that delay caused by good faith reliance upon the statements of Department of Labor employees shall not bar claimant from filing his claims.

The order of the Industrial Commission is set aside and the cause remanded to the Commission for referral to a referee for a determination on the merits of whether claimant is entitled to benefits.

BERMAN and METZGER, JJ., concur.