**ALBERTSONS, INC., Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF the STATE OF COLORADO and Daryl Milanovich, Respondents.**

No. 86CA1292.

Colorado Court of Appeals, Div. II.

Feb. 19, 1987.

Damas and Smith, P.C., Daniel J. Collyar, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Kathryn J. Aragon, Asst. Atty. Gen., Denver, for respondent Industrial Comn.

No appearance for respondent Daryl Milanovich.

BABCOCK, Judge.

Albertsons, Inc. (employer) seeks review of the Industrial Commission's determination that it failed to show good cause for its failure to appear at a hearing before a Division of Employment referee. We set aside the order.

Employer appealed the deputy's decision that claimant was entitled to full unemployment compensation benefits, and a hearing was scheduled in Longmont. Employer's representative did not appear at the scheduled time, and, after waiting 15 minutes, the referee dismissed the appeal. The representative arrived two minutes later.

Pursuant to Industrial Commission Regulation No. 11.2.13, 7 Code Colo.Reg. 1101–2, which permits a party to reopen an appeal upon establishing good cause for failure to appear, employer's representative filed a sworn affidavit stating her reasons for arriving late. She stated that she had left Denver for Longmont an hour before the hearing, but was delayed by construction and traffic. When she stopped to phone, she discovered she had forgotten her wallet. After finding someone who would let her use a phone, she attempted to phone an acquaintance in Longmont, but the line was busy. She then drove to Longmont but, once there, was twice delayed by a slow-moving train.

The appeals referee found that employer's representative had timely notice of the hearing, but that she had failed to act reasonably in leaving so late, and in not being responsible for her belongings. The referee concluded that employer had failed to show good cause for its failure to ap-

pear. The Commission affirmed the referee's decision, and the Industrial Claim Appeals Panel let the Commission's order stand.

Employer contends that the Commission, in determining that it did not establish good cause, erred in failing to consider all the relevant factors listed in Industrial Commission Regulation No. 12.1.8, 7 Code Colo.Reg. 1101–2. Employer also argues that *Trujillo v. Industrial Commission,* 648 P.2d 1094 (Colo.App.1982) stands for the proposition that negligence of a party's representative is not by itself sufficient basis for a finding of no good cause. We agree.

One factor to be considered under Regulation 12.1.8 in determining whether good cause exists is whether "factors outside the control of the party" prevented timely action. Here, unanticipated traffic delays prevented the representative's timely appearance. Another factor to be considered is "the length of time the action was untimely." We find that the delay here is minimal, and that the Commission thus erred in failing to take into account such a short delay. An additional factor under Regulation 12.1.8 is "whether any other interested party has been prejudiced by the untimely action," and there was no showing of prejudice to claimant. *See Trujillo v. Industrial Commission, supra.*

▮ Although we agree that employer's representative failed to act in a reasonably prudent manner in not allowing enough travel time, and in failing to contact either employer or the referee, we conclude that, in light of other considerations listed in Regulation 12.1.8, the Commission abused its discretion by giving undue weight to a single factor while disregarding others. *See Esparza v. Industrial Commission,* 702 P.2d 288 (Colo.App.1985).

▮ Furthermore, as we held in *Trujillo v. Industrial Commission, supra,* neglect on the part of a party's attorney is "outside the control of the party which prevented a timely action," and, as such, meets the requirements of Regulation 12.1.8 for determining good cause that would excuse failure to appear. Although employer's representative is not an attorney, she was authorized to represent employer pursuant to § 8–74–106(1)(e), C.R.S. (1986 Repl. Vol. 8B). *See Unauthorized Practice of Law Committee v. Employers Unity, Inc.,* 716 P.2d 460 (Colo.1986). Accordingly, the Commission erred in attributing the representative's negligent behavior to employer. *See Trujillo v. Industrial Commission, supra.*

Because we find that employer has shown good cause for its failure to appear at the scheduled hearing, the order of the Industrial Commission is set aside, and the cause is remanded to the Industrial Claim Appeals Office for further proceedings.

SMITH and TURSI, JJ., concur.