v.

DENVER DEPARTMENT OF SOCIAL SERVICES and State Department of Social Services, Respondents-Appellants.

No. 85CA0832.

Colorado Court of Appeals, Div. III.

April 2, 1987.

Rehearing Denied April 30, 1987.

Certiorari Granted (E.C.L.) Sept. 8, 1987.

Bonham and Peake, Kathy P. Bonham, Denver, for petitioner-appellee.

Duane Woodard, Atty. Gen. Charles B. Howe, Deputy Atty. Gen., Richard H. For-

man, Sol. Gen., Vivianne Chaumont Oates, Asst. Atty. Gen., Denver, for respondent-appellant State Dept. of Social Services.

Robert Lubowitz, Asst. City Atty., Denver, for respondent-appellant Denver Dept. of Social Services.

CRISWELL, Judge.

Respondents-appellants, the Denver Department of Social Services (D.D.S.S.) and the State Department of Social Services, appeal a district court judgment which vacated an administrative officer's decision and directed that the name of petitioner-appellee, E.C.L., be expunged from the central registry of child protection (central registry). The district court's decision was based, in part, on its finding that much of the evidence of child abuse allegedly perpetrated by E.C.L. was not credible and on its conclusion that there was "overwhelming evidence" that the child abuse report that led to E.C.L.'s name being included in the central registry was inaccurate. We affirm the district court's judgment, but on other grounds.

E.C.L. was the adoptive mother of A.L., a 12–year-old girl, who had lived with E.C.L. for four years. On April 16, 1983, A.L. went to a police station and reported that she had been abused on the previous evening by E.C.L., who had punched and slapped her. After examining A.L., the investigating officer found no physical injuries. She concluded that the reported incident was simply a parent-teen conflict, but placed A.L. in a temporary shelter and referred the matter to D.D.S.S. The investigating social worker for D.D.S.S. who examined A.L. at the shelter two days later observed only a bruise on her hand.

After the incident had been investigated, D.D.S.S. filed a CWS 59 report (CWS 59) with the central registry. A CWS 59 is used to report all "known or suspected" cases of child abuse or neglect, and is required to be filed with the central registry under § 19–10–108(1), C.R.S. (1986 Repl. Vol. 8B).

The decision to file, and later to confirm, the CWS 59 was apparently based on (1) the investigating social worker's statement, disputed by E.C.L., that E.C.L. had admitted slapping A.L. in the face, and (2) a report by the medical doctor who had examined A.L. at the shelter three days after the alleged abuse incident. The doctor had concluded that A.L. exhibited some minor physical injuries which were consistent with her story of having incurred them when she was slapped in the face by E.C.L. during an argument.

The district court found that some of the examining doctor's testimony was incredible in itself or in light of other expert testimony. Nevertheless, that testimony, if credited, established that A.L. displayed evidence of mild physical injuries consistent with her having been slapped by E.C.L.

There was no credible evidence that E.C.L. had ever abused A.L. or physically punished her either before or after this single incident and the hearing officer concluded that the alleged abuse represented an isolated episode. Furthermore, there was undisputed evidence that E.C.L. had provided exemplary, beneficial care to A.L. for four years. The evidence was also undisputed that, so long as the CWS 59 is maintained by the central registry, E.C.L. will be barred from adopting any other children.

Under § 19–10–114(5) and (6), C.R.S. (1986 Repl.Vol. 8B), records of suspected or known child abuse are expunged from the central registry on two bases. Section 19–10–114(5) requires the director of the registry to expunge a record unless she determines, based on the report of the investigating agency, that there is some credible evidence of the alleged abuse. Section 19–10–114(6) requires expungement for "good cause shown."

If the director of the central registry denies an expungement request, the hearing officer who considers the appeal of such a denial is required to expunge a record of alleged abuse, under § 19–10–114(8), C.R.S. (1986 Repl.Vol. 8B), if it is "inaccurate" or "maintained in a manner inconsistent with [the Child Protection Act of 1975, § 19–10–101, et seq., C.R.S. (1986 Repl.Vol. 8B)]." A record would be main-

tained inconsistently with the Child Protection Act if it violated any of its provisions. It would, thus, be impermissible to maintain a CWS 59 if there was no "credible evidence" of the alleged abuse, as required by § 19–10–114(5), or if there was "good cause" for expunging the record under § 19–10–114(6).

One of the bases for the district court's decision that the CWS 59 should be expunged was that it was "being maintained in a manner inconsistent" with the Child Protection Act because there was "overwhelming evidence" that there had been no abuse and the record was thus "inaccurate." While this conclusion may be correct, we affirm the district court's order on the ground that, balancing the nature of the incident against the harm caused to E.C.L., good cause required expungement. Given the limited extent of the alleged injuries to A.L., the fact that the alleged abuse was an isolated incident, the record of E.C. L.'s exemplary care of A.L., and the serious repercussions to E.C.L. if the CWS 59 is maintained, we hold that E.C.L. showed good cause, as a matter of law, for expungement of the record.

The hearing officer's refusal to order expungement of the CWS 59 was thus arbitrary and capricious under § 24–4–106(7), C.R.S. (1986 Repl.Vol. 10). *See generally Esparaza v. Industrial Commission,* 702 P.2d 288 (Colo.App.1985) (Industrial Commission erred in failing to apply all relevant regulations, including those dealing with good cause determinations).

The judgment mandating expungement of the record is affirmed.

VAN CISE and TURSI, JJ., concur.