**James R. McGEE, Petitioner,**

v.

**DIGITAL EQUIPMENT CORPORATION; Division of Employment and Training; and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 92CA1458.

Colorado Court of Appeals,
Div. I.

June 17, 1993.*

Hellman & Knight, P.C., Jonathan J. Hellman, Robert J. Weisbard, Englewood, for petitioner.

No appearance for respondent Digital Equipment Corp.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., James C. Klein, Asst. Atty. Gen., Denver, for respondents Div. of Employment and Training and Indus. Claim Appeals Office.

Opinion by Judge PIERCE.

James R. McGee, claimant, seeks review of a final order of the Industrial Claim Appeals Panel which determined that he failed to show good cause for the late filing of an appeal from an adverse order of a hearing officer. We set aside the order of the Panel and remand for further proceedings.

A hearing officer's decision adverse to claimant was mailed to the parties. The record shows that a copy of the decision was mailed to claimant's attorney. Claimant's appeal was filed three calendar days later. The appeal submitted by claimant's attorney contained a handwritten explanation of why it was filed late. The Panel, after receipt of employer's response to claimant's statement, determined that claimant had failed to show good cause for

* Prior Opinion announced April 1, 1993 was     Withdrawn. Petition for Rehearing Granted.

his failure to file a timely appeal and the appeal was dismissed.

## I.

■ Claimant first contends that the provisions of the Department of Labor & Employment Regulation 12.1, 7 Code Colo. Reg. 1101–2, were not followed because the determination of good cause was made by the Panel rather than the Division. We disagree with claimant.

Claimant's position would be correct under the previous regulations, but the regulation in question was amended effective August 3, 1992. The Panel issued its order in this action on August 18, 1992. Department of Labor & Employment Regulation 12.1.3, 7 Code Colo.Reg. 1101–2, now provides that the Panel shall determine whether good cause has been shown for permitting an untimely appeal. Therefore, the Panel acted within its authority in making a determination of good cause on this issue.

## II.

■ Claimant further contends that the Panel, even if it had the authority to make the determination, too narrowly interpreted *Albertsons, Inc. v. Industrial Commission*, 735 P.2d 220 (Colo.App.1987) in ruling that neglect of a party's representative is dispositive of the issue of good cause. We agree.

Department of Labor & Employment Regulation 12.1.8, 7 Code Colo.Reg. 1101–2, reads as follows:

> In determining whether good cause has been shown for permitting an untimely action or excusing the failure to act as required, the Division and the Panel may consider any relevant factors including but not limited to whether the party acted in the manner that a reasonably prudent individual would have acted under the same or similar circumstances, whether the party received timely notice of the need to act, whether there was administrative error by the Division, whether there were factors outside the control of the party which prevented a timely action, the efforts made by the

party to seek an extension of time by promptly notifying the Division, the party's physical inability to take timely action, the length of time the action was untimely, and whether any other interested party has been prejudiced by the untimely action. Provided, however, that good cause cannot be established to accept or permit an untimely action which was caused by the party's failure to keep the Division directly and promptly informed in writing of his current and correct mailing address. A written decision concerning the existence of good cause need not contain findings of fact on every relevant factor, but the basis for the decision must be apparent from the order.

In reliance upon *Albertsons, Inc., supra,* and *Trujillo v. Industrial Commission,* 648 P.2d 1094 (Colo.App.1982), the Panel determined that "neglect" by a party's representative who fails timely to file a response is a "factor outside the party's control" for purposes of determining good cause under Regulation 12.1.8. The Panel further decided, pursuant to *Albertsons,* that such neglect is dispositive of the issue of good cause. It also ruled that the "nature" of the representative's "neglect" is a pertinent factor and concluded that the nature of claimant's counsel's neglect here could not establish good cause, again basing its determination on *Albertsons.*

We do not read *Albertsons* so restrictively. We agree with the Panel that *Trujillo* and *Albertsons* stand for the proposition that "neglect" by a party's representative is a "factor outside the party's control which prevented timely action" for purposes of determining good cause under Regulation 12.1.8. However, we do not agree that *Albertsons* should be interpreted to hold that such neglect, in and of itself, is dispositive of the issue of good cause. Rather, we read *Albertsons* to state that such "neglect" is only one of the factors to be considered pursuant to the regulation in determining good cause.

Here, the Panel's ruling indicates a reliance on only one factor among the numer-

ous criteria set forth in the regulation. This was error.

The order of the Panel is set aside. The cause is remanded to the Panel for a new determination of good cause premised on consideration of all the factors set forth in Regulation 12.1.8 and the views expressed herein.

METZGER and DAVIDSON, JJ., concur.