**Judy L. SANDS, Petitioner,**

**v.**

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, the Colorado Division of Employment and Training and McData Corporation, Respondents.**

**No. 89CA1643.**

Colorado Court of Appeals, Div. II.

Aug. 2, 1990.

Rehearing Denied Aug. 23, 1990.

Certiorari Denied Nov. 26, 1990.

William E. Benjamin, Boulder, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Michael J. Steiner, Asst. Atty. Gen., Denver, for respondents Indus. Claim Appeals Office and Colorado Div. of Employment and Training.

Hutchinson, Black, Hill & Cook, John B. Greer, Boulder, for respondent McData Corp.

Opinion by Chief Judge STERNBERG.

Judy L. Sands, claimant, seeks review of a final order of the Industrial Claim Appeals Office (Panel) which disqualified her from the receipt of unemployment compensation benefits. We affirm.

Claimant worked for McData Corporation as a systems test technician. She was to return from an authorized vacation on a Monday morning, but instead returned the

next day, Tuesday. On Friday, employer terminated her for accumulated excessive absences and for failure to report back from vacation on time without notice.

Based upon conflicting evidence, the hearing officer concluded claimant was discharged for returning to work one day late after a scheduled vacation with no valid reason or permission for her delayed return. The hearing officer disqualified claimant from the receipt of benefits pursuant to § 8–73–108(5)(e)(XVII), C.R.S. (1986 Repl.Vol. 3B) (failure to return to work after authorized vacation), and the Panel affirmed.

 We do not agree with claimant's contention that the hearing officer erred in excluding evidence she sought to present that illness prevented her from returning to work the day after her vacation. Division of Employment Regulation 11.2.9, 7 Code Colo.Reg. 1101–2, provides, in pertinent part:

"An interested party may not present factual issues at a hearing before a referee which have not been provided to the other interested party(ies) as shown by the claim file. If good cause, as set forth in subsection 12.1.8 of these regulations, is found for a party not providing proper notice of the factual issues it intends to present, the referee may adjourn the hearing. If good cause is not found, the hearing shall proceed as scheduled and those new factual issues raised shall not be considered. An interested party may at the hearing waive the requirement that it be provided with proper notice...."

This regulation reflects a change in wording so as to make inapposite the holding of earlier cases such as *Anderson v. Industrial Commission*, 29 Colo.App. 263, 482 P.2d 403 (1971).

The explanation of appeal rights set forth in the notice of decision given the claimant provided, in relevant part: "A party may not present evidence before a referee on factual issues which have not been provided to the other party as shown by the claims file or as provided in the notice of appeal unless good cause is shown...."

The relevant documents in the claim file which set forth claimant's basis for her claim were the request for separation; the Division's fact-finding supplement; and claimant's notice of appeal. None of these documents made reference to a specific health problem as the cause for claimant's absence. To the contrary, on the request for separation form, claimant stated that a delay in her travel arrangements had resulted in her not reporting for work on Monday. Consistent with that statement, claimant told a job service representative that her late arrival home had caused her to be "too tired and exhausted" to report on Monday. On her notice of appeal claimant simply stated, "I disagree with the deputy's findings."

The explanation that illness caused her absence was raised by claimant for the first time at the hearing. When asked by the hearing officer why she was absent that Monday, claimant replied that she had been incapacitated by diarrhea. The hearing officer then questioned whether the claimant's response raised a new factual issue concerning claimant's entitlement to benefits which had not been provided to employer either in the claims file or the notice of appeal and whether claimant had good cause for not providing the information.

After hearing arguments on the issue, the hearing officer found that claimant's testimony that a specific health problem prevented her from returning to work was a new factual issue which had not been provided to employer prior to the hearing. The hearing officer also found that, since the day she returned to work, claimant had had a substantial number of opportunities to mention a specific health problem both to the employer and the Division and that she had not done so. The hearing officer concluded that claimant had not shown "good cause" for her failure to disclose the new issue prior to the hearing and refused to allow claimant to present evidence of a specific health problem at the hearing.

Claimant now argues she should have been allowed to present this testimony be-

cause it was not a new factual issue. We agree with the Panel that claimant's testimony concerning a "specific health problem" was a new factual issue which had not been adequately raised by claimant prior to the hearing.

Claimant argues that her statement of being "too tired and exhausted" provided adequate notice because "it is clear that fatigue and exhaustion are physical effects of diarrhea." Considered in context with her other statements concerning travel delays, we conclude that her reference to being exhausted was insufficient to put her employer on notice that a specific illness had been the reason for her failure to report for work. Consequently, claimant's argument is not persuasive.

■ We also find no merit to claimant's argument that she should have been allowed to present evidence of her specific illness as a defense to the application of § 8-73-108(5)(e)(XVII), the section under which the deputy disqualified her. If claimant desired to raise her specific alleged illness as a defense to the application of § 8-73-108(5)(e)(XVII), Division of Employment Regulation 11.2.9 required her to state her factual defense in her notice of appeal. Because she did not do so, there was no error in not accepting evidence on this point.

Finally, the claimant asserts that the hearing officer's order did not adequately address all factors raised in deciding whether claimant had shown good cause for raising a new issue at the hearing. The findings indicate that the relevant issues were considered. Thus, error is not to be inferred from the failure to enter written findings on every factor. *See Mohawk Data Sciences Corp. v. Industrial Commission*, 671 P.2d 1335 (Colo.App.1983).

The order is affirmed.

HUME and RULAND, JJ., concur.