Manuel R. MONARREZ, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, DIVISION OF EMPLOYMENT AND TRAINING, and Dubois Contract Services, Respondents.

No. 91CA1953.

Colorado Court of Appeals,
Div. IV.

July 16, 1992.

William E. Benjamin, Boulder, for petitioner.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John D. Baird, Asst. Atty. Gen., Denver, for respondents Indus. Claim Appeals Office and Div. of Employment and Training.

No appearance for respondent Dubois Contract Services.

Opinion by Judge CRISWELL.

Manuel R. Monarrez, claimant, seeks review of a final order of the Industrial Claim Appeals Office (Panel) which disqualified him from the receipt of unemployment benefits. We set aside the order of the Panel and remand for further proceedings.

Claimant was employed as a contract manager for Dubois Contract Services, the employer. He resigned, claiming that he was directed to work longer hours without additional pay.

After his separation, claimant filed a claim for unemployment benefits. In his original application, he gave the following reason for his separation:

> Claimant worked approx 50 hours & his boss Lloyd Rose wanted him to work more hours. Claimants hours of work varied. When claimant was called he must be ready for work. Sometimes he had to work on his day off. He did not have a specific day off. Lloyd told clmnt [sic] if he did not want to work when he was called to come in that he was free to quit.

In its written response to claimant's claim, the employer asserted that claimant quit "for other employment." However, when the deputy attempted to obtain further information from the employer respecting the claimant's termination, it gave no further response.

Based on the written materials submitted by the parties, a deputy of the Division of Employment and Training awarded claimant benefits pursuant to § 8–73–108(4)(c), C.R.S. (1986 Repl.Vol. 3B), concluding that claimant had quit because of unsatisfactory working conditions.

The employer appealed this decision and gave, as its sole reason for the appeal, that "claimant voluntarily quit for other employment." This appeal made no reference to the working conditions described by claimant.

The notice of hearing on the employer's appeal noted that the issues involved were "8–73–108(4)(c) FULL AWARD." This statute provides for a full award of benefits if the employee's separation results from "[u]nsatisfactory or hazardous working conditions." This notice made no reference to any other statute that might be applicable.

The employer failed to appear at the date set for the evidentiary hearing before a hearing officer. As a result, the hearing officer dismissed its appeal, but allowed the employer 15 days within which to show "good cause" for its failure to appear.

In response, the employer sent a letter, asserting that the employer's spokesman had become ill immediately prior to the scheduled hearing. It addition, however, it was reiterated that:

> We feel that since claimant voluntarily quit for other employment and was aware of the working conditions when he was hired that he should be disqualified for unemployment.

Based upon this letter, the hearing officer found good cause for the employer's former failure to appear. Consequently, he scheduled and later conducted an evidentiary hearing. After this hearing, he entered a decision reducing the benefits payable to claimant for a period of ten weeks. This decision was grounded upon his decision, based upon the provisions of § 8–73–108(5)(e)(I), C.R.S. (1986 Repl.Vol. 3B), that the claimant quit his job because of dissatisfaction with "standard working conditions." Such conclusion was, in turn, based upon the employer's testimony that, prior to his termination, the claimant was working only about 25 hours per week and

quit when he was instructed to work full shifts.

On its review, the panel affirmed. It rejected claimant's assertion that he was denied procedural due process because he was given no notice that the employer was claiming that his job separation was the result of his dissatisfaction with standard working conditions. It concluded that, since claimant had claimed he quit because of a substantial change in conditions, the employer's assertion that "the claimant quit for other reasons did not preclude the employer from presenting evidence to rebut the claimant's assertion that he was working excessive hours."

■ On review, the claimant contends that the panel erred in concluding that he was provided adequate notice of the issues raised by the employer at the hearing. We agree.

A federal statute, 42 U.S.C. § 503(a)(3) (1988), requires that a "fair hearing" be provided in determining eligibility for unemployment compensation claims. And, in *Shaw v. Valdez*, 819 F.2d 965 (10th Cir. 1987), the then existing procedure in Colorado for providing notice to interested parties of the factual and legal issues to be considered in hearings before a hearing officer was declared to be not in compliance with that statute.

As a result of the *Shaw* decision, regulations governing the notice to be given to interested parties of the issues to be considered in such hearings were changed. As presently constituted, these regulations require that an employer, when requested to do so, must provide a report upon the reason for separation. Division of Employment and Training Regulation 7.2.6, 7 Code Colo.Reg. 1101–2 (1985).

Further, any party pursuing an administrative appeal from a deputy's decision must in its written appeal "state *specific* reasons" for its appeal. And, the notice of the hearing upon the appeal must be accompanied by all "relevant separation information" previously submitted by the parties. Regulation 11.2.3, 7 Code Colo. Reg. 1101–2 (1987).

Finally, Regulation 11.2.9, 7 Code Colo. Reg. 1101–2 (1987) provides, *inter alia,* that:

> The appealing party shall have the burden of presenting evidence that supports his position on the issues raised by his appeal.... Prior to taking evidence, *the referee shall state the issues* and the order in which evidence will be received. *An interested party may not present factual issues at a hearing before a referee which have not been provided to the other interested party(ies), as shown by the claim file. If good cause, as set forth in subsection 12.1.8 of these regulations, is found for a party not providing proper notice of the factual issues it intends to present, the referee may adjourn the hearing.* If good cause is not found, the hearing shall proceed as scheduled and those new factual issues raised shall not be considered.... (emphasis supplied)

Here, at the opening of the hearing, the hearing officer did not state the issues to be considered. Hence, no party had the opportunity at this time to object to any issues which had not been raised by the opposing party.

Instead, the hearing officer placed the claimant under oath and conducted his own initial examination of claimant, concentrating on the subject of the hours worked by claimant and his dissatisfaction therewith. The employer's representative continued with this line of questioning.

Claimant, who was not represented by counsel and whose native language is not English, attempted to object to this concentration upon the nature of his working conditions. He said, "I thought we was here because they sent me up for another job." The hearing officer responded, "Okay. Well, they may bring that up in their testimony, I don't know." The employer's later testimony also centered on claimant's working hours.

Several times during the hearing, the claimant expressly refuted the employer's assertion that he had quit for another job, and the employer presented no evidence to the contrary.

The purpose of the notice requirement in Regulation 11.2.9 is to require opposing parties to provide notice, through the written documentation they file, of both the legal and the factual issues they intend to raise at the hearing. *Sands v. Industrial Claim Appeals Office*, 801 P.2d 12 (Colo. App.1990) (because claimant did not assert that her absence from the job was because of her illness, she could not present evidence upon the issue).

Thus, if one party disputes the other's specific factual allegations, that denial must be disclosed prior to the hearing. Without such disclosure, there is no notice provided of the factual issues upon which evidence must be presented. *See Shaw v. Valdez, supra.*

Here, if the employer intended to assert that claimant quit because of dissatisfaction with standard working hours, it should have said so in its notice of appeal. Instead, it stated only that the claimant quit for another job. A reading both of the employer's notice of appeal and of its later letter could provide no reasonable person with notice that it was denying claimant's basic factual assertions that his hours of work had been substantially changed. On the contrary, the employer's prior statements can be read only as an implied concession of these underlying facts, together with an allegation that the claimant's working conditions were not the motivation for the claimant's quitting. As a result, claimant was not prepared to rebut the employer's contentions respecting his normal working conditions.

We conclude, therefore, that the claimant here was not given adequate notice under Regulation 11.2.9 either of the legal or the factual issues that the hearing officer was to determine. We also conclude that the hearing officer erred in failing to comply with Regulation 11.2.9 and in allowing the employer either to cross-examine the claimant, or to present evidence, upon the issue of his standard working conditions without first making a showing of good cause under that regulation for its prior failure to disclose its dispute with claimant's affirmative and specific factual allegations. *See Sands v. Industrial Claim Appeals Office, supra.*

Therefore, the order of the Panel is set aside, and the cause is remanded to it with directions to remand the cause to the Division of Employment and Training for a hearing officer to conduct a good cause hearing pursuant to Regulation 11.2.9. If it is determined that the employer possessed good cause for its failure to give prior notice of its failure to deny the claimant's factual allegations, then the claimant shall be given an opportunity to meet the evidence presented by the employer at the previous hearing with such additional evidence as he may decide to present. If good cause is determined not to exist, the hearing officer shall proceed to enter a new order without considering any evidence relating to the claimant's working conditions, but which shall consider only the motivation of the claimant in quitting his employment.

JONES and DAVIDSON, JJ., concur.