Joe H. **FOWLER,** Petitioner,

v.

**CARDER, INC.,** The Industrial Claim Appeals Office of the State of Colorado and Division of Employment and Training, Department of Labor, Respondents.

No. 92CA0758.

Colorado Court of Appeals, Div. III.

Feb. 11, 1993.

Bill Myers, Denver, for petitioner.

No appearance for respondent Carder, Inc.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., James C. Klein, Asst. Atty. Gen., Denver, for respondents Industrial Claim Appeals Office and Div. of Employment and Training, Dept. of Labor.

Opinion by Judge CRISWELL.

The claimant, Joe H. Fowler, seeks review of the order of the Industrial Claim Appeals Office (Panel) which denied unemployment compensation benefits to him after his employment termination by his employer, Carder, Inc. His petition calls upon us to consider what is required of a claimant when he or she seeks to obtain a full award of benefits pursuant to § 8–73–108(4)(b)(IV), C.R.S. (1992 Cum.Supp.), based upon an addiction to alcohol. We conclude that claimant failed to comply with those requirements here and affirm the Panel's order.

Section 8–73–108(4)(b)(IV) provides that, if an employee's separation from employment results from the "off-the-job or on-the-job use of not medically prescribed intoxicating beverages," that employee may, nevertheless, be entitled to a full award of benefits, but only if:

(A) The worker has declared to the division that he is addicted to intoxicating beverages or controlled substances;

(B) The worker has substantiated the addiction by a competent written medical statement issued by a physician ... or has substantiated the successful completion of, or ongoing participation in [an approved treatment program] within four weeks of the claimant's admission;

(C) A worker who is not affiliated with an approved treatment program must present to the division within four weeks after the date of the medical statement ... a program of corrective action which will commence within four weeks ... by an approved private treatment facility or public treatment facility ... or by an alcoholics anonymous program; and

(D) No prior award under [this subparagraph] has been made to the worker within the preceding five years.

Although having the right to do so, *see* § 8–72–102, C.R.S. (1986 Repl.Vol. 3B), the Director of the Division of Employment and Training has not adopted any special rules or regulations designed to implement the provisions of this statute. The director has, however, promulgated general rules regulating appeals from a deputy's decision and the conduct of a hearing upon such appeal.

Under these regulations, a party appealing a deputy's decision must state "specific reasons" for that appeal. 7 Code Colo.Reg. 1101–2, § 11.2.9 (1987).

Here, in response to claimant's initial claim, the deputy determined that his separation was because of his "off-the-job use of not medically prescribed intoxicating beverages" and that he had not fulfilled any of the requirements of § 8–73–108(4)(b)(IV).

Claimant appealed from the deputy's decision. However, his appeal made no reference to the pertinent statute or to any of its requirements. Specifically, claimant did not admit that he was addicted to alcohol, and he did not supply either a statement from a physician substantiating any such addiction or substantiating that he had either successfully completed an approved

treatment program or that he was then participating (or would participate within four weeks) in any such program.

At the evidentiary hearing upon claimant's appeal, he admitted that he was an alcoholic. However, he did not present any medical statement or evidence to substantiate this admission, and he did not present any evidence that he was then participating in any approved treatment program or that he had arranged to do so within four weeks. On the contrary, he testified that he had received no treatment since before 1988, and the Administrative Law Judge (ALJ) found that he had not participated in any such treatment program for nearly four years.

Based on these findings, the ALJ concluded that claimant had not met the requirements of § 8–83–108(4)(b)(IV) and denied the claim for benefits.

After the entry of the ALJ's decision, however, and as a part of his appeal to the Panel, claimant presented additional materials that purported to establish that he had been enrolled in two alcohol treatment programs on the date of the hearing before the ALJ. Relying upon the rule that the Panel may not consider evidentiary materials not submitted to the ALJ, *see Voisinet v. Industrial Claims Appeals Office,* 757 P.2d 171 (Colo.App.1988), the Panel affirmed the ALJ's order.

■ Before us, claimant argues that the pertinent statute does not establish a time within which an admission of addiction must be made, but that it allows such a claimant a period of four weeks from the date of such an admission within which to present the supporting materials required by the statute. Hence, he concludes that, because his admission was not made until the date of the evidentiary hearing before the ALJ and because he presented proof of his enrollment in a treatment program within four weeks of that date (albeit after the hearing was closed), his proof was made in a timely fashion and the Panel was required to consider it. We disagree.

First, claimant misinterprets the statute.

Section 8–73–108(4)(b)(IV)(B), C.R.S. (1992 Cum.Supp.) is specific in requiring a claimant, at the time that an admission of addiction is made, to supply either a proper physician's statement supporting that admission or to prove that he or she is presently, or will be within four weeks, enrolled in a proper treatment program. Thus, if a claimant has made no arrangement for such enrollment at the time of the admission of addiction, a physician's statement substantiating the addiction must be supplied.

It is only if a claimant is "not affiliated with an approved treatment program" at the time of the admission but has substantiated the addiction by proper medical proof that § 8–73–108(4)(b)(IV)(C), C.R.S. (1992 Cum.Supp.) grants to the claimant four weeks within which to become properly enrolled in such a program.

Here, when claimant admitted at the hearing that he was an alcoholic, he presented no medical substantiation for such admission, and he denied that he was then enrolled in a treatment program. His admission did not meet the requirements of § 8–73–108(4)(b)(IV)(B); therefore, § 8–73–108(4)(b)(IV)(C) did not allow him four weeks within which to present proof of his enrollment in a treatment plan.

■ Further, while the statute itself does not establish any time limit within which a claimant must make his admission of addiction and furnish one of the two required substantiations, if, as here, a claimant does not rely upon his addiction when a claim is filed, considerations of a "fair hearing" under 42 U.S.C. § 503(a)(3) (1988) require, at the least, that the employer be given notice that the claimant intends to rely upon such assertion at the hearing before the ALJ. *See Monarrez v. Industrial Claim Appeals Office,* 835 P.2d 607 (Colo.App.1992); *Shaw v. Valdez,* 819 F.2d 965 (10th Cir.1987).

Here, the pertinent regulation required claimant's appeal of the deputy's decision to list the specific reasons for the appeal, and the employer was entitled to be informed of his addiction claim prior to that hearing so that it would have an opportuni-

ty to contest it. *See Monarrez, supra.* Having failed to provide such pre-hearing notice, claimant was not entitled to rely upon any claim of addiction in those proceedings.

Order affirmed.

ROTHENBERG and SMITH *, JJ., concur.